THE BOARD OF COMMISSIONERS OF LEAVENWORTH COUNTY, *et al.,* v. THE STATE OF KANSAS, *ex rel.,* LATTA.

THE SAME v. THE SAME, *ex rel.,* MILLER.

*Error from Leavenworth County.*

*Decided March 18th,* 1869.

1. CO. COMMISSIONERS: TERM OF OFFICE.—County commissioners are county officers acting solely as agents of the county in performing the duties prescribed by law, and consequently hold their office for two years, under section three of article nine of the constitution.

2. ID: CONSTITUTIONAL LAW.—The law of 1867 and 1868, providing for the election of county commissioners in all counties having a population of 24,000 or more, so far as they limit the term of any of the county commissioners to one year, are in contravention of the constitution, and of no effect.

3. ID: CANVASSING VOTE FOR.—A peremptory mandamus should not have been awarded in this case, to compel the county board to canvass and determine the person who received the greatest number of votes for the office of member of the board of county commissioners of the county of Leavenworth, from the third ward of the city of Leavenworth, as there was no vacancy in said office, and no legal right could be established thereby.

4. DISMISSAL OF ACTION.—The county board could not dismiss the proceedings in this case in this court, because there was a judgment for costs against the plaintiffs in error which they had a right to have reviewed in this court.

The syllabii, made by the court, are alike in these two cases, and the facts in each substantially similar.  The facts in the first above entitled action are as follows :

On the 22d day of December, 1868, the defendant in

error filed a petition verified by affidavit, in the district court of Leavenworth county, Kansas, praying for a mandamus against the plaintiffs in error, commanding them to count and determine who received the greatest number of votes for the office of member of the board of county commissioners of Leavenworth county, from the third ward of the city of Leavenworth, at the November election, 1863—the relator claiming to have been elected to such office at said election.

The court granted an alternative writ of mandamus, commanding plaintiffs in error to count such vote, or show cause why they had not done so at 9 o'clock A. M., of the 26th day of December, 1868. Plaintiffs in error made a return and answer to said writ, in substance, showing that the said B. B. Moore, *et al.*, had been duly elected members of the board of county commissioners from the eight organized townships and four wards of the city in said county of Leavenworth, at the November election, A. D. 1867, under the act for that purpose. [*L.* '67, 74, 75; *L.* '61, 148.] The answer also denied the allegations of the writ.

Afterwards a trial was had; the court in substance, found the allegations of fact in the writ and answer to be true—from which it substantially appears that the individuals, plaintiffs in error, were properly elected members of the board of county commissioners of said county, and that said county is and has been ever since their election entitled to twelve commissioners—and that plaintiff in error, Curran, was elected from the third ward of said city at the November election, 1867, and drew a two year term under the proviso in section one, in the aforesaid act of 1867.

And as conclusions of law, the court in substance decided that it was the duty of the plaintiffs in error to determine who received the greatest number of votes for member of the board of county commissioners for said county from said third ward, at the November election, 1868, and to reduce such determination to writing, and sign the

same, and gave judgment awarding a peremptory writ of mandamus, commanding them to do so.

To reverse this judgment the case is brought to this court.

. *Thos. P. Fenlon and Clough & Wheat*, for plaintiffs in error.

*J. McCahon*, for defendant in error.

*For plaintiff in error*, in the first above entitled action, it was submitted.

1. A county officer is a general public agent of the county. [9 *Wal.*, 96; 10 *How.*, 416; 5 *N. Y.*, 295 ; 7 *Barb.*, 30 ; 4 *Conn.*, 209.] See also 15 *N. Y.*, 538–9, 540–1–2, 550–1–2, to the effect that plaintiffs in error were county officers.

2. The county commissioners elected under the act of 1867, were agents, officers of the county, and being so, were by the constitution entitled to hold for two years. The constitution provides "all county officers shall hold their offices for the term of two years." [*Art.* 9, § 3, *Const.*] This clause is general, and is not confined to the sheriff and treasurer. The terms of the clerk of district court and probate judge are fixed in article three, sections seven and eight.

3. The officers intended to be referred to in the constitutional provision quoted, are those that the legislature might deem necessary and should provide for, under article nine, section two, which reads : " The legislature shall provide for such county and township officers as may be necessary."

When the legislature has exercised the power conferred by section two, by providing for a county officer, such officer is, under section three, to hold his office for the term of two years ; and it is immaterial how such officer was elected or appointed. *Art.* 15, § 1.

Under this section one, provision could properly be

made by law for the election of county officers by the people residing in a territorial fraction of the county, and very properly so when several agents were to perform the functions of their offices by acting together as a unit, and that the legislature cannot prescribe a different tenure of office, for county officers than the two years mentioned in section three. § 2, *Art.* 15; 9 *Minn.*, 283; 11 *Wend.*, 132, 511; 12 *Cal.*, 378, 394; 39 *Mo.*, 89; 20 *U. S. Dig.*, 193, § 128; 2 *Wend.*, 266; 14 *Cal.*, 180; 3 *Sneed*, 6; 17 *U. S. Dig.*, 126, § 49.

During the two years for which plaintiffs in error were elected commissioners, it was not competent for the legislature to oust them from their office either by repealing the law under which they were elected, or by transferring the duties thereof to another officer.   *Art.* 15, § 3 *Const.*; 2 *Denio*, 272; 15 *N. Y.*, 538, 552.

4.   The right to hold an office, is a right to perform the duties thereof.

5.   If the constitution guarantees a two year term to a county officer, it is apparent that a law that either directly or indirectly attempts so prevent him from performing his duties, is in conflict with the constitution—it is a general rule that what cannot be done directly, from defect of power, cannot be done indirectly.   10 *Wheat.*, 50.

6.   Plaintiffs in error were, when elected, county officers; although elected by voters of a part of the county. [*L.* '67, 148, § 2; *Comp. L.*, 411, § 11.]   But this is immaterial.   *Art.* 15, § 1, *Const.*

7.   Any argument drawn from the words "and until their successors shall be qualified," found in section three, article nine, to support a claim that if these county officers could not be legislated out of office during the two years mentioned in that section—that then the office must be permanent by force of the constitution, under the pretense that such successors would have to hold an identically similar office—is without foundation, because the constitution only

guarantees a two year term, and does not provide that the successor shall hold an identically similar office, but evidently has reference, by the use of those words, to the qualification of successors who are to perform their duties as the same shall be prescribed from time to time by the legislature. 17 *Ill.*, 281; 13 *id.*, 554.

8. The relator claims to have been elected member of the board of commissioners of Leavenworth county from the third ward of Leavenworth city, under section nine, page 225, general statutes, and claims he is not a county officer.

9. We submit that the manner of election or appointment does not under section one of the aforesaid article fifteen, determine of what the person elected is an officer—the President of the United States is an officer of all the states and territories, though not voted for in the territories.

10. As to what is meant by county officers in section three, article nine, is not to be controlled by any legislative construction or action in conflict therewith, either prior, contemporaneous or subsequent. 9 *Minn.*, 283; 2 *Wend.*, 266; 11 *id.*, 132, 511.

11. The one-year term provided for in section nine is, so far as the limitation to one year is concerned, void. 14 *Cal.*, 180; 3 *Sneed*, 6; 17 *U. S. Dig.*, 126, § 49; 12 *Cal.*, 378; 39 *Mo.*, 89; 20 *U. S. Dig.*, 193, § 128.

12. The county commissioners mentioned in that, as well as the following section, are to be elected at the time provided for in section two, page 428, general statutes, which would be on the Tuesday succeeding the first Monday in November, 1869, and every two years thereafter.

13. The agents (officers) of Leavenworth county, composing the tribunal transacting its county business, will, in the regular two years succession provided for in the constitution, succeed each other in the regular order therein provided for.

14.   If the nature of the duties to be performed, or if the corporation for which they are to be performed, is of force to determine whose agents (officers) county commissioners are, then we submit that such officers are county agents, i. e., county officers.

15.   If the commissioners to be elected under section nine, page 255, general statutes, are county officers, (and we submit that they are,) within the meaning of section three, article nine, it follows that the limitation to one year term, in that section is void, which of course would make void the time of election in that section provided for.   19 *Cal.*, 513 ; *Cooley's Const. Lim.*, 177, *et seq* ; 12 *Mich.*, 168.

16.   But whether the relator and his associates will be county officers or not, if the individuals, plaintiffs in error, are county officers, within the meaning of said section three, article nine, (and we claim that they are,) then, inasmuch as the office of county commissioner is not abolished, (even if it could be abolished as to plaintiffs in error during the two years for which they were elected, which we claim could not be done,) it would not be competent for the legislature to take from them, and give to another set of officers, their agency, (office) and deprive them of the right to exercise the powers and duties still by the legislature left to be performed by county commissioners.   2 *Denio*, 272 ; 15 *N. Y.*, 538, 552.

17.   The difference in the manner and time of election of county commissioners and township officers, and the constitutional and statutory provisions with reference to township officers, show that none of the county commissioners should be regarded as township officers, especially not the said plaintiffs in error, who were to be elected by the qualified electors of the entire county.

18.   And if plaintiffs in error are to perform the duties of county commissioners for the term of two years, for which they were elected, then it would not be proper to count the votes, or pay any attention to the ballots cast for

the relator, for an office which he could not hold, and for which no votes should have been cast.

19. If we are correct in our claim that said plaintiffs, as county commissioners, are county officers within the meaning of said section three, article nine, then it would follow that the proviso in section one of act of 1867, is void, and that the act of drawing lots was entirely nugatory. 11 *Wend.*, 132.

*By the Court,* KINGMAN, C. J.

The judgment of the court below reversed.