W. C. OLSON v. THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF TREGO.

No. 152.

OFFICE AND OFFICERS — *County Commissioner.* Where the term
of office of a member of the board of county commissioners has
expired, and his successor has been duly elected and qualified and
is ready and willing to perform the duties of the office, the person
whose term has expired has no color of right to the office and his
pretended official acts are void.

Error from Trego district court; LEE MONROE,
judge. Opinion filed October 17, 1898. Affirmed.

*Allen Cox,* for plaintiff in error.

*S. M. Hutzel,* county attorney, for defendant in error.

The opinion of the court was delivered by

WELLS, J. : Prior to the second Monday of January,
1897, John P. Marquand was county commissioner of
the first district of Trego county for the term ending
at that time. A. P. Hinshaw was commissioner of
the second district and held over. F. C. Swiggett
was commissioner of the third district and held over.
At the general election held in November, 1896,
Joshua Musgrove and John F. Barclay were the op-
posing candidates to succeed Marquand and were the
only persons voted for to fill the office. Musgrave re-
ceived the certificate of election. Barclay contested,
and on January 9, 1897, the contest court decided in
his favor. Musgrave filed his official bond and oath
of office November 14, 1896, and Barclay filed his
official bond and oath on January 9, 1897. On Janu-
ary 11, 1897, it being the second Monday of January
and the beginning of the new term of office, Barclay,
as commissioner from the first district, and Hinshaw

from the second, met, elected Hinshaw as chairman, and proceeded to transact business as the board of county commissioners, and among other things let the county printing to the *Western World*, Swiggett, the commissioner from the third district, refusing to act with them.   Later in the same day, Swiggett, the county clerk and Marquand organized a pretended board of county commissioners, and among other business let the county printing to the plaintiff in error, and this action was brought to recover pay therefor under said contract.  The action was tried in the court below without a jury, and the issues were found for the defendant generally and judgment rendered accordingly.   To reverse this the cause is brought to this court.

The only question necessary to consider is, Was John P. Marquand county commissioner *de facto* of Trego county at the time the county printing was claimed to have been let to the plaintiff?   The supreme court has held that two persons cannot be officers *de facto* for the same office at the same time.   (*McCahon v. Comm'rs of Leavenworth Co.*, 8 Kan. 437.)   Marquand's term of office had expired and his successor had been elected and qualified.   Either Musgrave or Barclay was commissioner *de jure* of that district, and Barclay was such *de facto*.   Marquand had no claim to the office.   In order to constitute a person an officer *de facto*, he must hold the office under some appearance or color of right.

The judgment of the court below was correct and is affirmed.