[Civ. No. 661.    Second Appellate District.—November 26, 1910.]

## POTOMAC OIL COMPANY, a Corporation, and R. M. LOVELL, Petitioners, v. J. M. DYE and WINFIELD SCOTT, Respondents.

MANDAMUS—PETITION BY CORPORATION AND SECRETARY—DELIVERY UP OF SEAL, BOOKS AND PAPERS—BURDEN OF PROOF ON SECRETARY SUSTAINED.—Upon a petition by a corporation and its alleged secretary to compel the delivery up of its seal, books, papers and records, where the official character of the alleged secretary is put in issue by the answer of the alleged ex-secretary, the burden of proof is cast upon the alleged secretary petitioner to establish his official relation to the corporation, that he is the legally appointed secretary and entitled to the custody of its seal, books, papers and records for the corporation petitioner. It is held that by the report of the referee appointed by this court such burden of proof has been sustained.

ID.—FOREIGN CORPORATION—BUSINESS IN THIS STATE—MEETING OF STOCKHOLDERS—REFUSAL OF BOARD—SERVICE OF MANDAMUS—JURISDICTION OF FOREIGN COURT.—Where a corporation organized under the laws of Arizona was doing business wholly in this state, and its board of directors resident therein desired continued control, and refused the request of the stockholders to call a meeting thereof to elect directors, the district court of Arizona acquired jurisdiction of a writ of *mandamus* at suit of the stockholders by service of the alternative writ upon the corporation, through its agent resident in Arizona, it appearing that all other officers and agents thereof were beyond the reach of its process, though copies of the alternative writ were sent them by mail.

ID.—DUTY OF CORPORATION AS TO STOCKHOLDERS' MEETINGS.—While it is made the duty of certain corporate officers to call stockholders' meetings, the imposition of that duty upon them does not relieve the corporation from the liability of causing the duty to be performed. It is not the policy of the law that the corporation should be helpless in the hands of insubordinate agents, or that the creature of the corporation is higher than the corporation itself.

ID.—ASSUMPTION OF CONTEMPT OF COURT—PROCEEDINGS NOT VOID.—Assuming that the bond when filed was effectual as a stay, and that the subsequent proceedings at the stockholders' meeting were in contempt of court, nevertheless the proceedings were not void, and cannot be collaterally assailed in the present proceeding by *mandamus* on petition of the corporation and the secretary appointed by the new board of directors elected at such stockholders' meeting, to compel the production of the books and seal of the corporation from the person wrongfully withholding the same.

ID.—CESSATION OF FUNCTIONS OF OLD BOARD UPON ELECTION OF NEW BOARD.—When the new board was elected at the stockholders' meeting, the functions of the old board ceased to exist, and they were powerless to accept the resignation of their former secretary and to elect a new secretary in his place.

ID.—SECRETARY ELECTED BY DEFUNCT BOARD NOT A DE FACTO OFFICER.—In order to constitute a *de facto* officer, he must hold under some appearance or color of right, and there was no color of right in the election by individuals whose functions as a board had wholly ceased to exist.

ID.—JURISDICTION OF FOREIGN COURT TO ENFORCE JUDGMENT—APPOINTMENT OF COMMISSIONER TO CALL MEETING UPON NOTICE.—The district court of Arizona had jurisdiction to make its judgment in *mandamus* effective by appointing a commissioner to give notice of the time and place of calling the stockholders' meeting.

ID.—MEETING OF STOCKHOLDERS—ELECTION OF DIRECTORS—PRESUMPTION OF PROPER NOTICE.—Where a meeting of the stockholders was held at which directors were elected who chose the petitioner as secretary, it must be presumed, in the absence of evidence to the contrary, that proper notice of the meeting was given to the stockholders by the commissioner.

ID.—PETITION IN ERROR AND BOND—NOT OPERATIVE AS A STAY—JUDGMENT FUNCTUS OFFICIO.—It is held that under the laws of Arizona a petition in error and bond on appeal from the judgment of the district court of Arizona did not operate *per se* as a stay without an order from the court, and that prior to such writ of error the judgment had become fully performed as to the commissioner by the performance of the judgment as to the meeting of stockholders upon the notice required of him, before any stay was ordered.

ID.—SERVICE OF ALTERNATIVE WRIT UPON EX-SECRETARY—WRONGFUL TRANSFER OF SEAL, BOOKS AND PAPERS—SUPPLEMENTAL PETITION—JURISDICTION.—When this court issued the alternative writ of mandate and caused it to be served upon the ex-secretary of the old board, who was then the custodian of the seal, books and papers of the corporation, and directed him to turn the same over to the secretary petitioner or to show cause, it acquired jurisdiction not only of the ex-secretary respondent, but also over the property in controversy, and he cannot, by dispossessing himself of the property to one having no rights, affect the jurisdiction of this court, and, upon the transferee being made a party by supplemental petition, the peremptory writ of mandate will run against both respondents.

PETITION for writ of mandate.

The facts are stated in the opinion of the court.

J. R. Wilder, and Hunsaker & Britt, for Petitioners.

C. E. Arnold, and J. W. P. Laird, for Respondents.

ALLEN, P. J.—The material matters set forth in the petitioners' application for this writ are fully stated in *Potomac Oil Co.* v. *Dye,* 10 Cal. App. 534, [102 Pac. 677]. Upon that hearing there was involved the sufficiency of the petition, the jurisdiction of this court to grant relief by mandate, and its appropriate character to compel a person claiming to act as secretary of the corporation to deliver up to the corporation its seal, books, papers, records, etc., all of which matters were determined in favor of petitioner, and require no further consideration or discussion upon this hearing.

In the single issue presented by the amended answer as to the official character of petitioner is involved practically all of the questions presented for determination upon this hearing. The burden is cast upon petitioner to show that he is the legally appointed secretary of the corporation and entitled to the books, papers and seal of such corporation. The facts connected with the establishment of such official relation of petitioner are before the court in the report of a referee heretofore appointed to take testimony, and in certain depositions and exhibits on file. From all of these it is made to appear that the Potomac Oil Company was organized in 1901 under the laws of the territory of Arizona, having a capital stock of $2,850,000, divided into 2,850,000 shares of the par value of one dollar each; that by the articles and by-laws the affairs of the corporation were to be conducted by a board of five directors, the first thereof to be elected upon the first Monday in August, 1902, and annual elections to be thereafter held upon the corresponding date of each succeeding year; that in 1904 a stockholders' meeting was held, at which five persons were elected directors, and that no election has been held between that date and the 29th of December, 1908, when a new board was sought to be elected under proceedings hereinafter to be noticed. The directors elected in 1904, or their successors appointed by the board to fill vacancies, elected respondent Dye secretary, and as such secretary he took charge of and has had in his custody all of the books, papers and seal of the corporation, which he removed to and has ever since

kept within the state of California, and within this district. The corporation, while organized in the territory of Arizona, had no place of business in that territory, maintained no office, owned no property, and conducted no business in said territory, all of its property and business being within the state of California and within which state all of its directors, including the secretary, were residents. Stockholders whose holdings aggregated about one million shares of the stock, becoming dissatisfied with the management of the corporation, demanded of the officers of the corporation, in September, 1908, that they call a meeting of the stockholders for the purpose of electing a board of directors. This the officers of the corporation refused to do, and have endeavored through such refusal to permanently keep and maintain the control of the corporation and its property. Basing their action upon such refusal, shareholders in their own behalf and in behalf of other dissatisfied stockholders, commenced proceedings in *mandamus* in the district court for the third judicial district of Arizona, praying that the court command and direct the defendant corporation and its officers to call a meeting of the stockholders, as by the articles of association and by-laws required, for the election of a board of directors. An alternative writ was issued directing said corporation and its officers so to proceeed, or show cause, which writ was served upon the corporation through a service upon a resident agent of said corporation within the county and territory where the proceedings were commenced, and service upon the individual members of the board by mailing copies of the alternative writ to their postoffice address and place of residence in California. The corporation duly acknowledged in writing the receipt of the writ, and all parties having made default at the time and place to show cause designated in the alternative writ, a peremptory writ was issued by the court, by which writ they were commanded, on or before the twenty-first day of November, 1908, to call a meeting of the stockholders and to give the notice required by the by-laws for the election of a board of directors, which said peremptory writ was served in the same manner as was the alternative writ. The Potomac Oil Company and its officers, having failed and refused to observe the mandate of the court, upon petition and affidavit showing such facts to the court granting the peremptory writ, an order was

made on November 21, 1908, appointing a special officer and commissioner to do and perform the acts and things which the said respondents were by said writ directed and commanded to do and perform. On the 28th of December, 1908, a petition in error to the supreme court of the territory of Arizona was filed by the respondents in the *mandamus* proceedings, and on the same day a bond, with the sureties approved by a judge of the district court of Arizona, was filed with the clerk of the district court for the third judicial district; and on the twenty-ninth day of December, 1908, a summons in error was served upon petitioner. No order staying proceedings, however, appears to have been made by the lower court. On the 28th of December, that being the day fixed in the call for a meeting of the stockholders by the special officer and commissioner theretofore appointed, stockholders owning or representing 1,878,132 shares of the capital stock of the corporation met at the time and place by the commissioner designated, and, after electing one of their number chairman and another secretary, proceeded to the election of a board of five directors for the corporation. These directors thereafter met and appointed petitioner herein as secretary of the corporation. Thereafter, the proceedings in error in the supreme court of the territory of Arizona were dismissed.

Due demand was made by petitioner upon respondent Dye for the books, papers and seal of the corporation, delivery of which was refused. After the commencement of these proceedings, and when the referee appointed by this court was taking testimony pursuant to order of the court, a subpoena *duces tecum* was issued and served upon respondent Dye, requiring his appearance before the referee, and to bring with him the books and papers of the corporation. Tender was made of the fee provided by law, which respondent refused to accept and failed to observe the subpoena. Thereafter, on June 7, 1910, respondent Dye presented a resignation to the individuals composing the board which originally appointed him, and such persons, assuming to be directors of the corporation, made an order appointing one Scott secretary, and thereupon Dye turned the books, papers and seal here in controversy over to Scott, who is now in possession thereof. These facts coming to the attention of petitioner, a supplemental petition was filed setting forth those facts and asking

that Scott be made an additional respondent, which was done, and he appeared and answered.

It is respondent's contention that the district court of Arizona never acquired jurisdiction to compel the holding of the stockholders' meeting. In our opinion, through the service of the alternative writ upon the corporation, the district court of Arizona acquired jurisdiction in the premises. Having acquired such jurisdiction over the corporation, it was not essential in its exercise that the officers and agents of the corporation should be served with process. While it is made the duty of certain officers of the corporation to call a stockholders' meeting, "the imposition of a duty upon the officers best qualified to perform it does not relieve the corporation from the liability of causing the duty to be performed. . . . No doubt, if such officers had been within the jurisdiction, and service upon them had been possible, they would have been made parties. But not being within reach of process, the action was taken against the corporation of which they were officers to compel the performance of a statutory duty, which was a corporate act, to be performed, of course, through certain officers of the corporation." (*Bay State Gas Co.* v. *State,* 4 Penne. (Del.) 502, [56 Atl. 1121].) To say otherwise would be to say that the principal is helpless in the hands of insubordinate agents, and that it is the policy of the law that the creature of the corporation is higher than the corporation itself, a proposition to which we cannot subscribe. The district court of Arizona, then, having acquired jurisdiction in the proceeding in *mandamus,* and the corporation having failed and refused to require its officers, or other agents by it appointed, to perform a plain statutory duty, it was competent for that court, having acquired jurisdiction and having made a valid order in the premises, to command performance of the duty. "The court entertaining the action has jurisdiction not only to command the performance of duties, but to enforce its commands by subsequent proceedings in the action. . . . If complete relief is not given by the order of the court, to avoid other actions, other orders will be made until that end is attained." (*Palmer* v. *Jones,* 49 Iowa, 408.) This authority is plainly expressed in section 187, Code of Civil Procedure. The commissioner, then, being appointed by authority, performed the duties which should have been per-

formed by corporate agents in the first instance, and in the performance of these duties the stockholders were assembled. Nothing to the contrary appearing, it will be presumed that all were notified as by the order required. A large majority thereof met and elected a board of directors whose duty it should be to manage the affairs of the corporation.

Respondent contends, however, that the petition in error and bond filed, *ipso facto,* operated as a stay of all proceedings from the date of the filing of such bond. Whatever may be the effect of a bond so filed on appeal, or in proceedings in error, in other jurisdictions, it would seem from a reading of section 1512 of the Revised Statutes of Arizona that whenever a writ of error is sued out of the supreme court, the court or judge thereof from whose judgment or order the appeal or writ of error is taken, shall, upon application of appellant, or plaintiff in error, stay the execution of such judgment or order, thereby indicating that an order of the court staying proceedings is essential in that jurisdiction in order to complete the stay. In addition to this, however, all of the essential duties of the commissioner appointed by the court had been performed before the bond and petition in error were filed. The stockholders, pursuant to a notice theretofore given, had convened, and were it to be assumed that the bond when filed was effectual as a stay, and that such subsequent proceedings were in contempt of the order of court, nevertheless, their proceedings were not void and cannot be set aside in this collateral proceeding. "Irregularities in the sale of lands on execution can only be corrected by the court from which the process issues, and when such court is not called upon by the defendant in execution to set such proceedings aside, they cannot be disturbed by anyone else in a collateral proceeding." (*Oakes* v. *Williams,* 107 Ill. 159.)

Respondent Scott contends that he is the *de facto* secretary and as such entitled to hold the books and papers of the corporation. "In order to constitute a person an officer *de facto,* he must hold the office under some appearance or color of right." (*Olson* v. *Board of Commissioners,* 8 Kan. App. 414, [54 Pac. 805].) The old board of directors who assumed to act and appointed Scott had ceased to be such board upon the election of their successors. In their original election they became, at the instance of the corporation, the gov-

erning board to control the business affairs of the corporation under the statute. The corporation thus designating them as the governing board in the first instance vacated such appointment and selection and substituted a new board. The authority of the old board then ceased as between the individuals constituting such old board and the corporation. Such individuals thereafter possessed no rights in the management and control of the corporate affairs as against the corporation. Their attempt to elect a secretary after they had ceased to be a board of directors was futile, and Scott did not acquire even a color of right to the office, or an appearance of right to retain the books or papers of the corporation.

When this court issued its alternative writ and caused the same to be served upon Dye, who was then the custodian of the books and papers, and directed him to turn the same over to petitioner, or show cause, it thereby acquired jurisdiction, not only over the person of Dye, but over the books and papers in his possession, the subject of controversy; and Dye could not by thereafter dispossessing himself of the property deprive this court of its control over such property, or over himself as the respondent. Scott, with full knowledge of the circumstances, taking possession of the property acquired no right thereto; did not and does not hold the same as secretary, or in any other official capacity, but holds the same for Dye, whose duty it was to retain the possession until the final disposition of this case.

We are of opinion that satisfactory evidence is presented establishing all of the material allegations of the original petition and the supplemental petition.

It is ordered that a peremptory writ issue, and judgment is awarded against respondent Dye for costs, and also against respondent Scott for costs accruing since June 7, 1910.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 25, 1911.

Beatty, C. J., dissented from the order denying a rehearing by the supreme court and filed the following opinion on January 28, 1911:

BEATTY, C. J.—I dissent from the order denying a rehearing of this cause.

Assuming that this court has the power to review the judgment of the district court of appeal in an original proceeding (a matter as to which I have no doubt), we must consider whether the facts stated in its opinion as grounds for issuing a peremptory writ of mandate are sufficient to justify the order.

In this case persons claiming to be directors of an Arizona corporation ask a California court to compel the delivery of its books and records to a person appointed by them as secretary. The case shows very clearly that it is necessary in the first place to decide that the persons invoking the remedy are directors of the corporation, their title to the office being in dispute and unadjudicated by the courts of Arizona. All that appears is that a court of that territory, by its commissioner, called and held a stockholders' election, and that the commissioner filed a report, which is not found to have been confirmed.

The result is that in a *mandamus* proceeding to enforce a duty not imposed certainly by any California law, we must try the title to the offices of a foreign corporation.

*Mandamus* does not lie to try the title to an office.

In the next place, if the title to the offices was undisputed, and the duty of the respondent to deliver the books to his successor clearly imposed by the laws of Arizona, can the courts of this state enforce the performance of that duty by *mandamus?*

I do not think they can. No doubt the newly elected secretary, if by the law of Arizona he is entitled to the custody of the books, could maintain an action in this state in the nature of replevin to recover the possession—an action in which he could prove his title to his office—but in such an action the district court of appeal would have no original jurisdiction.

The nature of the remedy available in such a case is therefore a matter of prime importance—for it determines the jurisdiction. If the courts of this state cannot try title to Arizona offices in *mandamus,* or if they cannot enforce by mandate the performance of duties enjoined by Arizona laws, the district court of appeal has rendered judgment in a case not within its jurisdiction.