SPENCER R. HILL and Others, Respondents, v. THE INTERNATIONAL PRODUCTS COMPANY and Others, Defendants, Impleaded with GUARANTY TRUST COMPANY OF NEW YORK, as Executor, etc., of THEODORE N. VAIL, Deceased, Appellant.

First Department, November 18, 1921.

Executors and administrators — action against foreign executor to establish liability of estate for acts of testator — domestic corporation appointed as executor in foreign State is foreign executor — jurisdiction cannot be acquired by personal service of summons in this State on foreign executor — Code of Civil Procedure, § 1836a, construed — existence of assets in this State does not give court jurisdiction of foreign executor — obiter dicta.

The phrase " foreign executor " does not mean the mere non-residence of the individual holding the office but the foreign origin of the representative character, and, therefore, a domestic corporation which is the appointed executor of a will probated in a foreign State is a foreign executor.

In an action against a foreign executor to establish the liability of the executor for the acts of the testator, jurisdiction is not acquired under section 1836a of the Code of Civil Procedure, by the personal service of a summons on the executor in this State, and such service should be set aside.

The fact that there are assets of the estate in this State does not give the court jurisdiction of the action, since the purpose of the action is not to compel an administration of assets which are here, nor to impress a trust or an equitable lien upon them and is not, therefore, an action *in rem.*

A careful statement in an opinion of the Court of Appeals of rules for the guidance of the lower courts in the consideration of cases arising under a new statute should not be treated as *obiter dicta.*

APPEAL by the defendant, Guaranty Trust Company of New York, as executor, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of July, 1921, denying said defendant's motion to set aside the service of a summons.

*Edward L. Blackman,* for the appellant.

*Seabury, Massey & Lowe* [*Samuel Seabury* of counsel; *John Z. Lowe* and *George Trosk* with him on the brief], for the respondents.

PAGE, J.:

This is an action for the rescission, on the ground of false and fraudulent representation, of an agreement whereby the plaintiffs purchased from the defendant corporation, the International Products Company, certain shares of the stock of the latter for the purpose of reselling the same to its clients, for which the plaintiffs paid the sum of $1,440,000. The plaintiffs, promptly on the discovery of the fraud, demanded of the defendant corporation that it cancel the agreement and repay to the plaintiffs the sum of $1,440,000, and in the complaint tender to the defendants the certificates of stock and all dividends and benefits received upon said stock and all moneys remaining undisbursed out of a fund of $10,000 provided by the defendant corporation for publicity purposes.

Theodore N. Vail, in his lifetime, was a director of the International Products Company and participated in the making of the alleged representations. His last will and testament was

admitted to probate by the Probate Court of the District of Caledonia in the State of Vermont, and letters testamentary were issued to the defendant, the Guaranty Trust Company of New York and two individuals, residents of the State of New Jersey. A summons with a copy of the complaint was personally served on the Guaranty Trust Company at its principal office in the city of New York. From an order denying the motion to set aside this service of process this appeal is taken.

While the right of a foreign executor or administrator to sue or be sued in any court in this State, in his representative capacity, in like manner and under like restrictions as a non-resident may sue or be sued, is expressly stated in section 1836a of the Code of Civil Procedure, the Court of Appeals (*Helme* v. *Buckelew*, 229 N. Y. 363, 373) has held that this section was intended to remove the disability and allow the foreign executor or administrator free access to our courts, but not to remove their immunity from action in this State; that the law was unchanged in that regard. " The statute, therefore, in so far as it touches the liabilities of defendants, is effective within a narrow field. The rule which prevailed in equity has gained legislative sanction." Why the Legislature should deem it necessary to add its sanction to a rule which had been declared and enforced in the courts of this State for nearly a century (*McNamara* v. *Dwyer*, 7 Paige, 239; *DeCoppet* v. *Cone*, 199 N. Y. 56, 61) may not be obvious, but we must accept it as settled. It is conceded that the instant case does not come within that class of cases over which courts of equity would assume jurisdiction of foreign representatives.

It is urged that this case is clearly distinguishable from *Helme* v. *Buckelew* (*supra*) and that the greater portion of the opinion had no relevancy to the facts of that case. It is true that in *Helme* v. *Buckelew* the foreign executor was temporarily within this State when served with process, and it did not appear that there were assets of the decedent in this State; whereas in the instant case the executor served with process was a domestic corporation, organized and authorized to become executor or administrator under the laws of this State, and had in its possession a large proportion of the

assets of the estate in its place of business within the city of New York. It maintains in the State of Vermont no office for the transaction of its business. It has merely appointed an agent in that State upon whom process can be served. While these distinctions would, ordinarily, apply to differentiate the cases, I do not think they should be given weight when we consider that the *Helme* case was the first case to reach the Court of Appeals dealing with the new amendment to the Code of Civil Procedure (§ 1836a)* which involved the application of that section to a foreign executor, defendant in an action which did not relate to and affect property located in this State. For that reason the court in its opinion covered a wide field, not in the least limiting itself to the facts of the case before it. It is a careful statement of the law relating, .not alone to foreign executors, but to administrators as well, and to the law as it existed prior to the passage of section 1836a, relating to actions at law and also to suits in equity. We cannot treat as *obiter dicta* that which bears every evidence of a careful statement by the highest court of this State of rules for the guidance of the lower courts in the consideration of cases arising under a new statute. While the Guaranty Trust Company is a resident of this State, in its capacity as executor of the estate of Theodore N. Vail, it is a foreign executor and not a resident of this State. " By the phrase ' foreign executor ' the courts never mean the mere non-residence of the individual holding the office, but the foreign origin of the representative character." (*Hopper* v. *Hopper*, 125 N. Y. 400, 402.)

The fact that there are assets of the estate in this State does not give the court jurisdiction of this action. The purpose of the action is not to compel an administration of these assets here, nor to impress a trust or an equitable lien upon them. It is, therefore, not an action *in rem* or affecting the *res*, as was *Holmes* v. *Camp* (219 N. Y. 359). The action has nothing to do with the estate or its administration. It is solely to establish, so far as this defendant is concerned, the liability of Theodore N. Vail's executor for the acts of the testator. I do not find that this action is within any of the

---

* Added by Laws of 1911, chap. 631.— [REP.

exceptions to the general rule which existed prior to the enactment of section 1836a. Therefore, under the authority of *Helme* v. *Buckelew* (*supra*) the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.