[Civ. No. 5848. First Appellate District, Division One.—April 16, 1927.]

THOMAS M. PARK, Petitioner, v. JAMES E. WALSH, as Executor, etc., Respondent.

[1] MANDAMUS—WHEN WRIT MAY ISSUE.—A writ of mandate may be issued to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, and must be issued in all cases where there is not a plain, speedy, and adequate remedy at law.

[2] EXECUTORS AND ADMINISTRATORS — REJECTED CLAIM — DUTY TO LITIGATE IN FOREIGN JURISDICTION — EVIDENCE. — While it is the duty of the executor to preserve the estate and protect the funds in his hands against simulated or unlawful claims, no duty is enjoined upon him by law to litigate a rejected claim in a foreign jurisdiction, nor is such duty created by the fact that the claimant will otherwise be subject to additional expense, or precluded by statute, unless the disqualification thereby be waived, from testifying in support of the claim.

[3] ID.—ACTION IN FOREIGN JURISDICTION—DEBT OF TESTATOR BEFORE DECISION—APPEARANCE BY TRUSTEE AND RESIDUARY LEGATEE —MANDAMUS.—Where a testator dies before an action brought against him in a foreign jurisdiction is decided, the fact that the respondent in a mandate proceeding brought against him to compel his appearance in such action is a trustee and residuary legatee under said testator's will, does not make it said respondent's duty to permit the action to be revived against him as the successor in interest of the testator.

(1) 38 C. J., p. 590, n. 37.    (2) 1 C. J., p. 223, n. 46.

PROCEEDING in Mandamus to compel executor to execute an instrument sufficient to constitute an appearance in an action. Writ denied.

The facts are stated in the opinion of the court.

Sooy & Heywood for Petitioner.

Garret W. McEnerney for Respondent.

1. What is writ of *mandamus* and when is it allowable, notes, 89 Am. Dec. 728; 98 Am. St. Rep. 865. See, also, 16 Cal. Jur. 762; 18 R. C. L. 115.
2. See 11 Cal. Jur. 982; 11 R. C. L. 215.

CASHIN, J.—A petition for a writ of mandate directing James E. Walsh, as the residuary legatee and as executor and trustee under the last will and testament of Richard Varick Dey, deceased, to execute for transmission to the clerk of the supreme court of New York in and for the city of New York an instrument sufficient to constitute an appearance by him as defendant in an action filed therein against the deceased in his lifetime.

The deceased, a resident of the state of California, died in the state of New York on October 21, 1925, leaving estate in the former, but none in the latter state. On November 27, 1925, after proceedings had his last will and testament was duly admitted to probate in the superior court of California in and for the city and county of San Francisco, following which letters testamentary thereon were issued to respondent Walsh, who is now the qualified and acting executor thereof.

By the provisions of the will the estate was devised and bequeathed to respondent as trustee for the uses and purposes therein named, he being also a residuary legatee thereunder. The action mentioned, which was brought by petitioner against Dey as the sole defendant for the recovery of damages for an alleged breach of contract, was tried and submitted before the latter's death and has not been decided. It is admitted that the statutes of New York provide that "a judgment shall not be entered against a party who dies before a verdict, report or decision is actually rendered against him. In that case the verdict, report or decision is void" (sec. 478, Civil Practice Act of New York) ; and, by section 84 of the same act, that "in case of the death of a sole plaintiff or sole defendant, if the cause of action survives or continues, the court upon motion must allow or compel the action to be continued by or against his representatives or successor in interest."

As grounds for his application petitioner alleges that the deceased, having left no estate therein, no ancillary administration can be had in New York; that the court in which the action is pending is without power to enforce the appearance by respondent, but, should such appearance be entered, is authorized by law to render and enter its judgment; that the claim on which the action was brought was

on April 15, 1926, filed with the executor named, and by him rejected on February 1, 1927; that in the event his appearance be not made in the action mentioned petitioner will be compelled to bring action thereon in the state of California; that large sums have been expended by petitioner in the trial of the pending action, and additional expense will be necessary in the event of a retrial in California; that at the trial already had petitioner testified to matters material to the issues in the case concerning which upon a retrial in California he would, by the provisions of subdivision 3 of section 1880 of the Code of Civil Procedure of the state of California, be prevented from testifying.

It is contended by petitioner that the statutes of New York impose the duty upon a foreign executor to submit to the jurisdiction of its courts in order that actions there pending, in which jurisdiction was acquired of the person of his testator, may be continued against the executor, and that this duty may be enforced by mandate, citing *Hobbs* v. *Tom Reed Gold Min. Co.,* 164 Cal. 497 [43 L. R. A. (N. S.) 1112, 129 Pac. 781], and *Potomac Oil Co.* v. *Dye,* 14 Cal. App. 674 [113 Pac. 126, 130].

It was held in the cases cited that under the facts shown a duty created by the laws of another state may be enforced by mandate; but it clearly appears from the following decisions of the courts of New York that its statutes which are there considered remove the disabilities of foreign executors without terminating their immunities, and that no valid enactment of that state has sought to impose upon such executors the duty of submitting to the jurisdiction of its courts (*Helme* v. *Buckelew,* 229 N. Y. 363 [128 N. E. 216]; *Hill* v. *Guaranty Trust Co.,* 198 App. Div. 591 [190 N. Y. Supp. 653]; *McMaster* v. *Gould,* 240 N. Y. 379 [40 A. L. R. 792, 148 N. E. 556]).

[1] A writ of mandate may be issued to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, and must be issued in all cases where there is not a plain, speedy, and adequate remedy at law (secs. 1085, 1086, Code Civ. Proc.). [2] While it is the duty of the executor to preserve the estate and protect the funds in his hands against simulated or unlawful claims (*Estate of Joseph Spanier,* 120 Cal. 698 [53 Pac. 357]), no duty is enjoined upon him by law to litigate

a rejected claim in a foreign jurisdiction, nor is such duty created by the fact that the claimant will otherwise be subjected to additional expense, or precluded by statute, unless the disqualification created thereby be waived (*Kinley* v. *Largent*, 187 Cal. 71 [200 Pac. 937]), from testifying in support of the claim.

[3] We find no merit in the further contention that, being a trustee and residuary legatee under the will, it is respondent's duty to permit the action to be revived against him as the successor in interest of the deceased.

The view is expressed in *Richards* v. *Blaisdell*, 12 Cal. App. 101 [106 Pac. 732], that a judgment entered in a foreign jurisdiction, establishing a claim against an executor appointed, and the administration of the estate of whose testator is pending, in California would not operate as an estoppel or be admissible in evidence in the latter state. This question, however, need not be here considered as we are satisfied that respondent, as executor, trustee, or as residuary legatee under the will, is under no duty enjoined by law to do the acts sought to be compelled in this proceeding.

The writ is denied.

Tyler, P. J., and Knight, J., concurred.