Lawrence, J.
It was held in the case of People ex rel. Olmsted v. Supervisors of Westchester (12 Barb. 446), that, as there was at that time no statutory limitation of the time within which writs of mandamus could be obtained in this State, that where a party seeks the enforcement of a substantial right by means of a mandamus he should be allowed the time given by statute to obtain a remedy for injuries essentially of a similar character in the ordinary way, if that could be pursued. That case was decided in 1852, and the provisions of the present Code have materially altered the law since that time. Instead of resting upon analogy, the time within which a mandamus must be resorted to is now, by statute, the same as that within which an action must be brought.
It is not necessary in disposing of this question to determine whether, under the Code, the proceeding to obtain a mandamus is to be regarded as an action or a special proceeding. Whether that proceeding, falls under the definition of an action contained in section 3333, or of a special proceeding under section 3334 of the Code, so far as the limitation of the time within *158 which it must be brought is concerned, the result is the same. By section 414 of the Code it is expressly declared that the provisions of this chapter apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases. Then follows an enumeration of the excepted cases, within which this case does not fall. By seo„tion 382 of Code it is provided that an action to recover upon a liability created by statute except a penalty, must be brought within six years. Now, in this case, the salary is fixed by statute, and the liability of the respondents to pay it springs entirely from the statute. I am of the opinion, therefore, that the relator is not entitled to recover for any salary which accrued more than six years before the commencement of this proceeding. The cases referred to by the learned counsel for the relators relating to trusts do not appear to me to be in point. The liability of the respondents was of a strictly legal character, and enforceable by the appropriate legal remedies.
Nor can I accede to the position that these proceedings have an equitable character. The writ of mandamus is a legal writ, and the forms of procedure and the rules which governed in the court of chancery have no application to it. The relator, therefore, can only claim, as it seems to me, for that portion of his salary which was withheld during the period of six years anterior to the commencement of this proceeding.
Let an order be entered that a mandamus issue in accordance with these views, the respondents to' be allowed ten days within which to comply with the same. And let similar orders be entered in the various cases which present the questions which I have disposed of in this case.