[S. F. No. 3113.    In Bank.—November 23, 1903.]

PATRICK J. JONES, Respondent, v. BOARD OF POLICE COMMISSIONERS OF CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

Mandamus—Reinstatement of Policeman—Statute of Limitations—Demurrer.—An application for a writ of *mandamus* is a special proceeding of a civil nature, which is subject to the rules which govern the limitation of actions. An application, therefore, to reinstate a policeman, which shows on its face that more than seven years had elapsed after his dismissal before the petition was filed, is demurrable on the ground that it was barred by the statute of limitations, whether it be deemed barred by subdivision 1 of section 338 of the Code of Civil Procedure, or by section 343 of that code.

Id.—Laches.—The proceeding is also barred by laches. Courts will not allow parties to sleep upon their rights for so many years and then invoke the aid of this prerogative writ.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

Franklin K. Lane, City Attorney, for Appellants.

William T. Baggett, and Arthur H. Barendt, for Respondent.

COOPER, C.—This is a proceeding in *mandamus* for the purposes of compelling the board of police commissioners of

the city and county of San Francisco to admit petitioner to the office of policeman in the police department of said city. The petition was filed October 4, 1901, and alleges: "That on the sixteenth day of April, A. D. 1894, the board of police commissioners of the city and county of San Francisco did unlawfully preclude this plaintiff from the use and enjoyment of his said office as such policeman, and did pretend to dismiss him therefrom, and did prevent him from performing any of the duties of his said office. That ever since said sixteenth day of April, 1894, plaintiff and petitioner, by the said unlawful acts of said board of police.commissioners, has been and now is precluded from the use and enjoyment of his said office."

Defendant demurred to the complaint upon the ground, among others, "that plaintiff's cause of action and right to a writ of mandate is barred by subdivision 1 of section 338 of the Code of Civil Procedure, and by section 343 of the Code of Civil Procedure." The demurrer was overruled, and defendant failed to answer. Thereupon judgment was entered for petitioner as prayed. This appeal is from the judgment. The demurrer should have been sustained upon the ground that the right to the writ, if it ever existed, is barred by the statute. It was more than seven years after petitioner was dismissed and discharged before he filed his petition. It becomes immaterial to determine which particular provision of the code bars this proceeding, because it is barred by either provision. The period that elapsed after petitioner's alleged rights accrued is longer than the time given for the commencing of an action by an individual under any provision of the code. Not only this, but it is barred by laches. Courts will not allow parties to sleep upon their rights for so many years and then invoke the aid of this prerogative writ. It has been said in some cases that the statute of limitations is not applicable, strictly speaking, to a petition for a writ of mandate, but we think it is applicable under our Code of Civil Procedure. The provisions in regard to granting the writ of mandate are under part III of title I. Section 1109, under the same title, provides, "the provisions of part II of this code are applicable to, and constitute the rules of practice

in the proceedings mentioned in this title." Part II of the Code of Civil Procedure contains the provisions and sections upon the subject of limitation of actions, and is therefore applicable. Not only this, but the closing section in the title in regard to time of commencing actions provides, "the word 'action,' as used in this title, is to be construed, whenever it is necessary so to do, as including a special proceeding of a civil nature." (Sec. 363.) The application for a writ of mandate is a special proceeding of a civil nature. (Code Civ. Proc., sec. 23; also, part III, secs. 1063 et seq.; *People* v. *Board of Supervisors,* 27 Cal. 655.) In *Barnes* v. *Glide,* 117 Cal. 1,[1] it was held that an application for a writ of mandate to compel the trustees of a swamp-land district to levy a tax to pay certain warrants was barred by the statute of limitations. It was there said: "Therefore, it is quite clear that not only under the general authorities, but under the provisions of our code, a proceeding like the one at bar in *mandamus* is subject to the rules which govern the limitations of actions." The rule as laid down in the above case is the rule in other jurisdictions (*People* v. *Supervisors of Westchester,* 12 Barb. 446; *People* v. *French,* 12 Abb. N. C. 156; *Georges Creek Coal etc. Co.* v. *County Commrs.,* 59 Md. 262; *People* v. *Chapin,* 104 N. Y. 96), and so stated in the textbooks. (Moses on Mandamus, p. 190; Merrill on Mandamus, sec. 314.)

It follows that the judgment should be reversed, with directions to the court below to sustain the demurrer and dismiss the proceeding.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, with directions to the court below to sustain the demurrer and dismiss the proceeding.

McFarland, J.,    Van Dyke, J.,    Shaw, J.,
Angellotti, J.,    Lorigan, J.,    Beatty, C. J.

[1] 59 Am. St. Rep. 153.