[S. F. No. 7213.   Department Two.—April 28, 1915.]

GEORGE W. PENNINGTON, Respondent, v. GEORGE W. PENNINGTON SONS (a Corporation), et al., Appellants.

CORPORATION — BY-LAW PROVIDING FOR CALLING ANNUAL MEETING — MANDATORY PROVISIONS—DUTY OF PRESIDENT TO CALL.—A by-law of a corporation providing that "the annual meeting of the stockholders may be held in the first week of December in each year and shall be called as the directors may direct, or by a notice in writing by the president, delivered or mailed to each stockholder personally," is mandatory as to both the alternative methods for calling the contemplated annual meeting. If the directors for any reason fail to call the meeting, then it becomes the duty of the president so to do.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George E. Crothers, Judge.

The facts are stated in the opinion of the court.

Edwin L. Forster, and Robert R. Moody, for Appellants.

Arthur H. Barendt, for Respondent.

HENSHAW, J.—The complaint in this action charged and the court found that George W. Pennington Sons is a corporation; that the number of directors of this corporation is five; that by death there is a vacancy on the board and this vacancy has never been filled; that Thomas Pennington is the president of the corporation, and, though requested so to do by a majority of the stockholders, he has refused to call any meeting of the board of directors for the purpose of filling this vacancy, and he has also refused to call any meeting of

the stockholders, though the written request of the holders of the majority of the issued and authorized capital stock has been made upon him, in conformity with the by-laws of the corporation. The by-laws in this respect provide ''The annual meeting of the stockholders may be held in the first week of December in each year and shall be called as the directors may direct, or by a notice in writing by the president, delivered or mailed to each stockholder personally.'' The judgment of the trial court directed the president to call a meeting of the stockholders as contemplated in this by-law.

Upon appeal it is argued that the by-laws do not enjoin the duty of calling such a meeting upon the president; that a mere permissive power so to do is vested with him; that the mandatory provision applies to the directors only. With this we cannot agree. Both the alternative methods provided are equally mandatory. It is in contemplation that there shall be an annual meeting of stockholders and that it shall be called. If the directors for any reason fail to do this, then it becomes the duty of the president so to do.

The judgment appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.