[Civ. No. 1734.   Second Appellate District.—May 28, 1915.]

## G. H. STABLER et al., Petitioners, v. EL DORA OIL COMPANY (a Corporation), et al., Respondents.

CORPORATION—CALL OF STOCKHOLDERS' MEETING—MANDAMUS.—*Mandamus* will lie at the instance of the stockholders of a corporation to compel a recalcitrant board of directors to call an annual meeting of the stockholders of the corporation for the purpose of electing a board of directors.

ID.—FOREIGN CORPORATIONS—RULE APPLICABLE TO.—Such rule is not confined to officers of domestic corporations, but is applicable to a board of directors of a foreign corporation, where all the members of the board reside in this state, and all the property is situate and all of its corporate business transacted herein.

ID.—TIME OF MEETING—BY-LAW OF CORPORATION—LAWS OF FOREIGN STATE INAPPLICABLE.—Where the application for such a writ is based upon a by-law of the corporation which provides the time when the annual meeting of the stockholders may be held, and not upon

any statute of such foreign state, it is immaterial whether or not the statutes of such state contain a provision of law similar to that contained in section 302 of the Civil Code of this state, to the effect that where no time is fixed in the by-laws for the election of the directors of a corporation, the same must be held on the first Tuesday in June.

ID.—MEETING—BY-LAW OF CORPORATION—WORD "MAY" MANDATORY.—A by-law of a corporation providing the annual meeting of the stockholders "may" be held on a certain day and shall be called by notice, is to be construed as mandatory and not merely optional or permissive.

APPLICATION originally made to the District Court of Appeal for the Second Appellate District for a Writ of Mandate to compel the board of directors of a corporation to call an annual meeting of stockholders.

The facts are stated in the opinion of the court.

George E. Whitaker, John A. Powell, and Hunsaker & Britt, for Petitioners.

Frank F. Oster, and Alfred H. McAdoo, for Respondents.

SHAW, J.—This is an original application praying for a writ of mandate to be directed to the respondents who, other than the El Dora Oil Company, constitute the board of directors of said company, commanding said board and the members thereof, respondents herein, to call, in accordance with the by-laws of the company, a meeting of the stockholders thereof for the purpose of electing a board of directors of respondent corporation.

The material facts appearing in the petition are: That said oil company is a corporation created under the laws of the state of Arizona, having a board of directors consisting of five members, and having its principal place of business at Phoenix, Arizona; that as provided in the articles of incorporation it maintained offices in the city of Los Angeles, California, it being provided in said articles that the corporation might hold meetings of its board of directors at its offices in said last mentioned place, and own property and do business outside of Arizona; that all of its business was transacted in the state of California, wherein all of its property was situated, and that all of the members of its board of di-

rectors and other officers at all times resided in the state of California, where all the meetings of said board were held; that on July 24, 1913, the respondents herein, other than the El Dora Oil Company, were duly elected to constitute the board of directors of said corporation, and that ever since they have been and now are acting as such board of directors; that article XV of the by-laws of said company provides: "The annual meeting of the stockholders may be held in Phoenix, Arizona, on the 13th day of March, in each year, and shall be called by a notice printed in one or more newspapers published in the county of Maricopa, as the directors may direct, for at least ten days last preceding the day of meeting, or by a notice in writing by the president, delivered to each stockholder personally. No meeting of stockholders shall be competent to transact business unless a majority of stock is represented, except to adjourn from day to day or until such time as may be deemed proper. At such annual meeting of the stockholders, directors for the ensuing year shall be elected by ballot, to serve for one year, and until their successors are elected. If, however, for want of a quorum, or other cause, a stockholders' meeting shall not be held on the day above named, or should the stockholders fail to complete their election, or such other business as may be presented for their consideration, those present may adjourn from day to day until the same shall be accomplished." That article IV provides: "The directors shall have power: 1. To call special meetings of the stockholders when they deem it necessary. And they shall call a meeting at any time upon the written request of stockholders holding one-third of all the capital stock." That notwithstanding March 13th of each year was by said article XV of the by-laws fixed as the date for holding the annual meeting of the stockholders of said corporation, no such meeting of the stockholders was held or called for March 13, 1914; that on June 4, 1914, the holders of a large number of shares of the capital stock of said corporation requested said board to call a meeeting of the stockholders for the purpose of electing a board of directors; that said board ignored said request and continued to and now hold their offices under the election held on July 24, 1913; that on February 26, 1915, petitioners herein, who were the owners and holders of a large number of the shares of stock in said corporation,

caused to be served upon all the members of said board of directors a written instrument, signed by them and stating the number of shares of stock so held by each of them, whereby they requested said board of directors to call a meeting of the stockholders to be held in Phoenix, Arizona, on the date fixed in the by-laws for the holding of the annual stockholders' meeting, to wit: March 13, 1915, and to publish a notice of such meeting, as provided in said by-law numbered XV, but said board of directors and the members thereof, with the exception of respondent Shrader, neglected and refused to call or cause to be called said annual meeting of stockholders for March 13, 1915, or for any other date or time, or at all.

To this petition respondents, other than Shrader, interposed a demurrer upon the ground of want of jurisdiction, insufficiency of facts stated to justify the issuance of the writ, and also upon the ground that the petition was uncertain, ambiguous and unintelligible. At the same time they filed an answer admitting all the allegations of the petition, the substance of which is herein set forth. To this answer petitioners have interposed a demurrer upon the ground that the same does not state facts sufficient to constitute any defense to the application of petitioners.

That stockholders may avail themselves of the remedy by *mandamus* to compel a recalcitrant board of directors to call an annual meeting for the election of directors, admits of no controversy. Mr. Thompson in his work on Corporations, section 810, says: ''Officers have been known to attempt to defeat the will of stockholders by purposely failing to give notice of either regular or special meetings. But where the officers whose duty it is to issue the call or give notice of a stockholders' meeting either fail or refuse to do so, the stockholders are not without remedy. Whatever may be the rule with reference to the liability of officers under such circumstances, it is now the well-settled rule that stockholders may by *mandamus* compel the officers to issue the call or give the proper notice for meetings.'' (See, also, *State* v. *Wright,* 10 Nev. 167; *People ex rel. Hart* v. *Blackhurst,* 11 N. Y. Supp. 670.)

Respondents, while conceding the application of this doctrine to officers of domestic corporations, insist that the court should not in the exercise of its discretion apply the rule to

members of a board of directors of a foreign corporation, since the court in so doing not only interferes with the internal management of such corporation, but it is without jurisdiction to enforce its mandates. In *Babcock* v. *Farwell,* 245 Ill. 14, [137 Am. St. Rep. 284, 19 Ann. Cas. 74, 91 N. E. 683], the court in discussing the subject says: "Except in cases involving the exercise of visitorial powers, the question is not strictly one of jurisdiction but rather of discretion in the exercise of jurisdiction." It may be conceded that the court will not issue a writ of mandate to compel the doing of an act where for any reason it cannot enforce its order, not necessarily because of want of jurisdiction, but for the reason that to make such order would be an idle act. "It is the inability of the court to do complete justice by its decree, and not its incompetency to decide the question involved, that determines the exercise of its power." (*Babcock* v. *Farwell,* 245 Ill. 14, [137 Am. St. Rep. 284, 19 Ann. Cas. 74, 91 N. E. 683].) In the case at bar the respondents, as directors of the corporation and charged with the performance of a duty to the stockholders, are all residents of this state, and as such board of directors they transact all the business of the corporation, not in Arizona, but in California. The resolution calling the election can be and, if passed at all, no doubt will be adopted at a meeting of the board held at its offices in Los Angeles, where it appears all its meetings have been held and all of the corporate acts other than that here involved have been performed. Since all of the members of the board of directors reside in this state, wherein all its property is situate and all its corporate business, including that of its board of directors, is transacted, the corporation, although organized under the laws of Arizona, must be deemed a resident of this state and subject to the jurisdiction of the courts thereof. Clearly, this court has jurisdiction of the question presented, the circumstances of which strongly appeal to it for an exercise of its discretion in behalf of, rather than against, petitioners. This view finds ample support in the following authorities: *Hobbs* v. *Tom Reed G. M. Co.,* 164 Cal. 497, [43 L. R. A. (N. S.) 1112, 129 Pac. 781]; *Wait* v. *Kern River Mining etc. Co.,* 157 Cal. 16, [106 Pac. 98]; *Potomac Oil Co.* v. *Dye,* 10 Cal. App. 534, [102 Pac. 677]; 14 Cal. App. 674, [113 Pac. 126, 130]. In *Wait* v. *Kern River Mining etc. Co.,* which was an action to enforce specific performance of

a contract by compelling the defendant corporation to issue
to the plaintiff therein a certificate of stock for shares which
stood in the name of its codefendant, the court says: "It is
a foreign corporation only in the sense that it is created in
another state and continues to enjoy corporate life by permis-
sion of that state. In every other sense, it is solely a Cali-
fornia corporation. So far as it in fact does or can do busi-
ness at all, it does it solely by permission of this state, and
within its borders. Under such circumstances its residence in
Arizona, or anywhere else outside of California, is the merest
fiction. As to such a corporation, so organized and situated in
regard to all its business and property, we can see no good
reason why, . . . the fiction as to the *situs* of the corporation
entity ought not to yield in the interest of justice to the actual
facts, to an extent sufficient to warrant the holding that the
corporation is sufficiently a resident of this state to bring it
within the rule applicable to domestic corporations as to the
*situs* of its stock."

Upon the facts stated, we entertain no doubt as to their
sufficiency to entitle petitioners to the relief sought. Article
XV of the by-laws, under the heading "Meetings," designates
March 13th of each year as the time for holding the annual
meetings of the stockholders, and imposes upon the board of
directors the duty of calling the same by notice. While article
IV of the by-laws under the heading "Powers of Directors,"
authorizes the board to call *special meetings* and makes it the
duty of said board to call *such meetings* at any time upon the
written request of stockholders holding one-third of all the
capital stock of such corporation, such provision contains no
reference to the annual meeting of the stockholders, the duty
of calling which, without demand made therefor by stock-
holders, by virtue of said article XV, devolves upon the board,
(*People ex rel. Walker* v. *Albany Hospital,* 11 Abb. Pr.
(N. S.) 4; *Mottu* v. *Primrose,* 23 Md. 482.) Conceding, how-
ever, the necessity for a demand, the petition shows without
contradiction the making thereof by the holders of a large
number of shares of stock, on February 26, 1915, more than
two weeks prior to the time for the holding of said meeting,
thus affording the board ample time within which to issue
the call and publish notice thereof. In *Sylvania & C. R. Co.*
v. *Hoge,* 129 Ga. 734, [59 S. E. 806], it is said: "Any stock-
holder could by *mandamus* compel the calling of a meeting

for the purpose of complying with the statutory duty," which was imposed upon the board. See, also, to the same effect: *State* v. *Wright*, 10 Nev. 167; 2 Cook on Corporations, sec. 593.

Respondents' chief contention, however, and indeed the only one urged at the hearing of the demurrer to the answer, is that, as alleged in their answer, the statutes of Arizona contain no provision of law similar to that contained in section 302 of the Civil Code of this state, to the effect that where no time is fixed in the by-laws for the election of directors of a corporation the same must be held on the first Tuesday in June. This contention may be conceded. Petitioners, however, do not base their claim to the writ by virtue of any statutory provision, but rely upon the by-law of the corporation which provides "the annual meeting of the stockholders may be held in Phoenix, Arizona, on the thirteenth day of March, in each year, and shall be called by a notice," etc. Respondents insist that the word "may" should not be construed as mandatory, but merely permissive, leaving it optional with the board of directors whether or not they call such meeting or perpetuate themselves in office by refusing to do so. We cannot assent to such interpretation of the provision. The word "may," as used in statutes, is frequently construed in a mandatory sense as "must" or "shall." Indeed, such interpretation, unless a contrary intent clearly appears, seems to be the rule where the act, the authority for the doing of which is thus conferred, is in the interest of justice or for the benefit of the public or third persons. (20 Am. & Eng. Ency of Law, p. 239; *Henkel* v. *Pioneer S. & L. Co.*, 61 Minn. 35, [63 N. W. 243]; Bouv. Law Dict., title "may.") Here the word is used in a by-law of the corporation prescribing a duty to be performed by the board of directors thereof in the interest of justice to and for the benefit of the stockholders. Moreover, if as contended by respondents a permissive meaning only should be given the word "may," as here used, leaving it optional or discretionary with the board to call or not call the annual meeting of the stockholders on March 13th of each year, then, since as thus construed the board would in the absence of such provision have possessed like discretion and power, the provision is a dead letter, having no meaning and serving no purpose whatever. The presumption is that the stockholders in adopting the by-law intended it to serve

some purpose, and such intent can only be given effect by construing it as contemplating the calling of an annual meeting of the stockholders each year and imposing upon the board the duty of calling such election at the time designated therein, "which," as stated in the by-law, "shall be called by a notice," etc. In the recent case of *Pennington* v. *Pennington*, 170 Cal. —, [148 Pac. 790], the court had before it a similar provision of a by-law wherein the word "may" was used, and it was there held to be mandatory and not permissive.

The demurrer of respondents to the petition is overruled, and the demurrer of petitioners to the answer of respondents is sustained. It is ordered that a peremptory writ of mandate issue in accordance with the prayer of petitioners, commanding respondents as the board of directors of the El Dora Oil Company to duly call an annual meeting of the stockholders of said company and cause to be duly published, as in the by-laws provided, due notice thereof. It is further ordered that petitioners have and recover their costs incurred herein, to be taxed as provided by law.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 14, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 26, 1915.