[S. F. No. 12241. Department Two.—January 28, 1928.]

HENRY H. CHILDRESS et al., Respondents, v. L. DINKELSPIEL CO., INC. (a Corporation), et al., Appellants.

Dinkelspiel & Dinkelspiel and Bradley & Supple for Appellants.

Sullivan & Sullivan and Theo. J. Roche and Lloyd W. Dinkelspiel for Respondents.

LANGDON, J.—Appeal from order granting an injunction to prevent defendants from holding a special meeting for the election of an additional director of the defendant corporation, which additional director had been provided for pursuant to section 361 of the Civil Code. ■ The by-laws of the corporation provided for but five directors and also provided that "the directors shall be elected by ballot at the annual meeting of the stockholders to serve for one year," etc. It was further provided that "the annual meeting of the stockholders may be held . . . on the last business day of the month of December of each year." This language in by-laws has been construed as mandatory and not permissive. (*Pennington* v. *Pennington,* 170 Cal. 114 [148 Pac. 790] ; *Stabler* v. *El Dora Oil Co.,* 27 Cal. App. 516 [150 Pac. 643].) After a compliance with section 361 of the Civil Code, the defendants called a special meeting for March 18, 1926, for the election of the additional director, which meeting was enjoined, as above stated.

Presuming, as we must, in the absence of proof to the contrary, that the corporation and the directors thereof regularly performed their duty and called the annual meeting for the last business day of December, 1926, at which all directors of the corporation were elected for the ensuing year, the question presented by this appeal becomes moot. As stated in *Matter of Guardianship of Ambrose,* 170 Cal. 160 [149 Pac. 43] : "This court is not called upon to pass judgment on a question which, when given, can have no practical effect; where a controversy, existing at the time the appeal was taken, has, by reason of matters subsequently transpiring, ceased to exist. When this appears, the proper course is to dismiss the appeal."

The appeal is dismissed.

Richards, J., and Shenk, J., concurred.