[Civ. No. 8140. First Appellate District, Division Two.—February 1, 1932.]

THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents, v. THE OWENS RIVER CANAL COMPANY (a Corporation) et al., Appellants.

Walter J. Little, William B. Gilroy, Randall & Bartlett, Rex B. Goodcell, Jess Hession, Victor Ford Collins and Kenneth W. Kearney for Appellants.

Erwin P. Werner, City Attorney, W. Turney Fox, Assistant City Attorney, and F. M. Bottorff, Carl A. Davis and Harold L. Green, Deputies City Attorney, for Respondent.

BURROUGHS, J., *pro tem.*—This is an appeal by defendants from a judgment entered upon the pleadings in favor of the plaintiffs.

It is contended by the appellants that the trial court erred in overruling defendants' general and special demurrers to the complaint, also in granting the said motion for judgment on the pleadings. Following the references to the parties made by counsel in their briefs, the plaintiff and respondent, City of Los Angeles; plaintiff and respondent, Board of Water and Power Commissioners of the City of Los Angeles, and the defendant and appellant, The Owens River Canal Company, will hereinafter be referred to as the "City", "Board" and "Canal Company", respectively. Where it is unnecessary to specify any of the other plaintiffs and respondents by name or any other defendants and appellants by name they will be referred to as the "individual plaintiffs and respondents" and "individual defendants and appellants".

So far as necessary to a disposition of the points involved in this appeal, the substance of the complaint is as follows: That the City is and at all the times mentioned in the complaint was a municipal corporation organized and acting as

such by virtue of a freeholders' charter adopted pursuant to the Constitution of the state California; that the Board exists under the charter provisions of said City with full power to "construct, operate, maintain, extend, manage and control works and property for the purpose of supplying the said City and its inhabitants with water and electric energy, or either, and to acquire and take, by purchase, lease, condemnation or otherwise, and to hold, in the name of said City, any and all property situated within or without the said City, and within or without the state of California, that may be necessary or convenient for such purpose". It is further alleged that the plaintiff and respondent E. F. Leahey is a citizen of the United States and resident of Independence, Inyo County, state of California; "that on the 17th day of January, 1928, he was, and at all times thereafter continued to be, a stockholder in defendant, The Owens River Canal Company, a corporation, having stock in his own name on the stock books of said corporation, to-wit, two thousand eight hundred and fifty (2850) shares, but that said shares of stock were and are by him held in trust for plaintiffs, the City of Los Angeles, a municipal corporation, and Board of Water and Power Commissioners of the City of Los Angeles; that plaintiff Leahey brings this suit in his own right as record stockholder and as trustee in behalf of said city and said board, as aforesaid". There are allegations by four other plaintiffs and respondents in which they alleged an ownership of a total of 88 shares of stock in the Canal Company under the exact conditions as above set forth concerning the ownership of the stock appearing on the books in the name of said E. F. Leahey. It is alleged that the Canal Company is a California corporation with a captial stock of 5,000 shares with a par value of $10 each and all of said shares are issued and outstanding. There is a further allegation that one K. P. Keough is a citizen of the United States and a resident of Bishop, Inyo County, California; "that on the 19th day of January, 1926, he was, and at all times thereafter has continued to be, a stockholder in defendant The Owens River Canal Company, a corporation, having stock in his own name on the stock books of said corporation, to-wit, at least three shares; that he pretends and purports to be a director in, and president of, said corporation, in pursuance of the combination, confederation

and conspiracy more specifically mentioned hereinafter, unlawfully and without right or authority''. Then follow similar allegations of the complaint concerning many of the defendants and appellants, most of whom are alleged to hold not less than three shares of stock in the Canal Company and either they now are or at some period of time since January 30, 1926, have claimed to be directors in said Canal Company; that the last annual meeting of the stockholders of said Canal Company was held on the day last named at which meeting there was represented a total of 4,105 shares out of a total issue of 5,000 shares of the capital stock of said Canal Company; that at said meeting directors were elected for the ensuing year; that on or about the twenty-ninth day of January, 1927, the defendants Keough, Rowan, G. L. Wallace, Rhuddy, Longyear, Robb, Watterson and G. A. Wallace entered into a combination, confederation and conspiracy to continue the said defendants other than defendant G. A. Wallace in office as directors of defendant corporation and to control and manage the funds, property and affairs, and to dictate the policies of the defendant corporation and unlawfully to subserve the personal interests of the said defendants, and in fraud of the rights of the majority stockholders who, on that day, to wit, the twenty-ninth day of January, 1927, being the last Saturday of said month, were entitled to elect and should have elected directors for the ensuing year to succeed the said defendants, but by reason of the foregoing combination, confederation and conspiracy and the acts taken in furtherance and in pursuance thereof, such election was not and could not be held. It is further alleged that at the annual stockholders' meeting held on January 29, 1927, there were present either by proxy or in person more than a majority of the stockholders of said corporation, but that the defendants, above named, in furtherance of the said conspiracy and acting through the defendant Keough, as the president of said Canal Company, refused to recognize the stock held by the plaintiffs as legal and declared the meeting to stand adjourned because of an alleged lack of a quorum, without holding an election for directors and no provision was made for a meeting to elect directors and none were elected. It is further alleged that the same procedure as above stated was followed by the said defendants at the annual stockholders' meeting in January,

1928, and no annual meeting was ever held or directors elected for said year 1928. Other meetings of the defendants as directors of said Canal Company were held and at such meetings assessments were levied, vacancies in the board of directors were declared and said vacancies filled by appointment of said alleged directors.

To this complaint a demurrer was interposed by the defendants and overruled by the court. An answer was then filed wherein it was denied that the individual plaintiffs and respondents owned any stock in the Canal Company either as individuals or in trust for the City and Board, but did not deny that a majority of the stock stood on the books of the corporation in the names of plaintiffs and respondents for at least ten days prior to the date fixed for the annual meeting and election of a board of directors, but did deny that any of the acts alleged in the complaint to have been committed by them were committed in pursuance of any combination or conspiracy. It was also denied that the City or Board were the equitable or beneficial owners of any shares of stock in the Canal Company.

A demurrer to the said answer was filed but was never ruled upon nor was a motion to strike out the answer which had been filed ever acted upon by the court. The decree entered sets forth that the total number of shares of the Canal Company outstanding are 5,000; that of said 5,000 shares the individual plaintiffs and respondents had standing on the stock books of said Canal Company for the length of time necessary for them to vote at said meetings, 2,938 shares. The decree ordered that a meeting of the stockholders be held within 30 days after the entry of the decree and provided the necessary procedure for holding the same. The individual defendants and appellants were enjoined from acting as directors and from doing other acts in connection with the duties of directors unless they or either of them were elected directors or appointed to office, in which event they are entitled to perform the duties and enjoy the purposes of said office.

It is contended by the defendants and appellants that the complaint does not state facts sufficient to constitute a cause of action for the reason that it is alleged therein that the stock standing of record in the names of the respective plaintiffs and respondents is held by them in trust for said City.

In support of this claim it is urged that the powers and duties of the City are derived from a freeholders' charter and said charter, of which the court takes judicial notice, not conferring a right upon the said City to own stock in a private corporation, the complaint is insufficient as a pleading. We are of the opinion, however, that the issue of ownership of stock is not involved in this action. The gravamen of the action is the right of the record stockholders to compel the holding of an annual meeting and the election of a board of directors. According to the admission of the pleadings the defendants and appellants have failed and refused to hold such meeting or permit the election of a board of directors. The right of the plaintiffs and respondents as such record stockholders to vote their stock is fixed by section 312 of the Civil Code. This section at the time of the controversy set forth in the pleadings, provided among other things, that, "At all elections or votes had for any purpose in corporations formed for profit there must be a majority of the subscribed capital stock or of the members represented, either in person or by proxy in writing; . . . Every person acting therein, in person or by proxy or representative, must be a member thereof or a stockholder, having stock in his own name on the stock books of the corporation at least ten days prior to the election. . . . " That said section was intended to permit the record holders of stock to vote at all corporate elections seems to be borne out by the history of the section which, briefly stated, is as follows: Prior to the year 1905 the section provided that a "bona fide stockholder, having stock in his own name on the stock books of the corporation at least ten days prior to the election", was entitled to vote. In Smith v. San Francisco & N. P. Ry. Co., 115 Cal. 584 [56 Am. St. Rep. 119, 35 L. R. A. 309, 47 Pac. 582], it was held that who was "a bona fide stockholder" was open to inquiry for the purpose of determining whether a person came within the definition of such stockholder, and if not such, then he or she was not entitled to vote. After the decision in the Smith case, section 312 of the Civil Code was amended (Stats. 1907, p. 596) by leaving out the question of bona fides. It seems obvious that the purpose and effect of said amendment was to change the rule laid down in the Smith case, supra. It is also worthy of note

that in the Smith case, *supra*, the late Chief Justice Beatty dissented from the majority opinion and stated that as he construed sections 307 and 312 of the Civil Code, the registered stockholder must be allowed to vote irrespective of any question of *bona fides*. In commenting on the 1907 amendment of section 312 of the Civil Code, the code commissioners (Deering's 1927 edition, Civ. Code, 143), said in part: "For the purpose of election, a person appearing upon the books of the corporation to be a stockholder should be permitted to vote, and election officers should not be vested with authority to deny such a stockholder the right to vote, or to claim for some reason he is not a *bona fide* stockholder." We are satisfied that the right to vote at the stockholders' meeting depends upon the ownership of stock as disclosed by the stock books of the corporation. (Civ. Code, sec. 312; *Royal Consol. Min. Co.* v. *Royal Consol. Mines Co.*, 157 Cal. 737 [137 Am. St. Rep. 165, 110 Pac. 123]; 6 Cal. Jur. 889, 890; 3 Fletcher on Corporations, sec. 1665, p. 2799.)

The registered stockholders having a right to vote the stock standing of record in their names, the method or authority by which the City and Board acquired stock in the corporation or the terms of the trust by which it was held was immaterial and does not render the complaint uncertain.

It is also clear that a denial of a right to vote the stock standing of record in their names on the stock books of the corporation for the period of time required by law is ground for resort to a court of equity. (*California etc. Assn.* v. *Superior Court*, 8 Cal. App. 711 [97 Pac. 769]; *Smith* v. *San Francisco & N. P. Ry. Co.*, 115 Cal. 584 [56 Am. St. Rep. 119, 35 L. R. A. 309, 47 Pac. 582]; *Wickersham* v. *Brittan*, 93 Cal. 34 [15 L. R. A. 106, 28 Pac. 792, 29 Pac. 51]; *Umatilla Water Users Assn.* v. *Irvin*, 56 Or. 414 [108 Pac. 1060]; 2 Fletcher on Private Corporations, p. 2765.)

The complaint states a cause of action; the answer does not traverse any material allegations thereof; therefore, the judgment is correct and should be affirmed. It is so ordered.

Nourse, P. J., and Sturtevant, J., concurred.