[Civ. No. 10294.   First Appellate District, Division Two.—August 27, 1936.]

F. K. DEDRICK et al., Petitioners, v. CALIFORNIA WHALING COMPANY (a Corporation) et al., Respondents.

Cooley, Crowley & Supple for Petitioners.

P. H. McCarthy, Jr., and G. Raymond Dougherty for Respondents.

NOURSE, P. J.—The petitioners sued for a writ of mandate to require the respondents to call a special meeting of the shareholders of the corporation under the provisions of section 313 of the Civil Code. An alternative writ of mandate and order to show cause was issued and return thereto made by the respondents Biggins and Kerrigan.

The petition alleges that since August 27, 1932, the Whaling Company has been a corporation organized under the laws of Nevada with a capital stock of 3,000 shares; that since its organization it has been doing business in the state of California; that all its property is located within this state; that it has always maintained a business office in the city and county of San Francisco, and that it does not carry on business elsewhere. All its directors are residents of the state of California, and meetings of the directors are held in the city and county of San Francisco. The petitioners are alleged to be stockholders of the corporation holding more than a majority of the issued and outstanding stock; that F. K. Dedrick is owner of 650 shares; that Jessie H. Dedrick is the owner of 500 shares; that Mrs. F. K. Dedrick is the owner of 500 shares; that respondent Biggins owns 500 shares; that respondent Kerrigan owns 100 shares, and that the number of shares issued and outstanding and entitled to vote is 2,760. It is then alleged that no annual or special meeting of the stockholders has been held since the year 1932, and that in the month of February, 1936, F. K. Dedrick, Mrs. F. K. Dedrick and Fred Dedrick presented a request in writing to the respondent Kerrigan, as secretary of the corporation, asking that a meeting of the stockholders be called for purposes designated in the written request, one of which was for the election of a board of directors; that thereafter Fred

Dedrick died and the petitioner Jessie A. Dedrick, as his surviving widow, became the owner of his stock; that on July 1, 1936, the three petitioners herein served upon the respondent Biggins and upon the respondent Kerrigan a request in writing to call a meeting of the stockholders for the like purposes. This request was refused, and the respondents still refuse to call any meeting of the stockholders.

The return does not fairly controvert any of the material allegations of the petition. At the outset, the respondents seek to avoid their statutory duty by alleging that after the service of the alternative writ upon them, they tendered their resignations as president and secretary respectively of the corporation. They entered some general denials of the allegations of the petition, but offered no proof in support of them. They then pleaded a lot of immaterial matter in reference to the controversy between the directors and one of the petitioners in reference to the disposition of some of the funds of the corporation. What is termed as a distinct defense attempts to attack the ownership of certain shares of stock claimed by another petitioner on the ground that a probate decree awarding the stock to her was procured through fraud. Of like character is the pleading designated as a separate defense in reference to the ownership of the stock claimed by the petitioner F. K. Dedrick. Therein it is pleaded that this petitioner procured some of the stock claimed by him in exchange for service rendered the corporation, but that in some manner the corporation was deceived when it issued that stock to such petitioner.

The so-called special defenses are frivolous and sham, and raise no triable issues. The right to vote at a stockholders' meeting depends upon the ownership of stock as disclosed by the stock books of the corporation, and the right to demand a meeting of the stockholders depends upon the right to vote. (*Los Angeles* v. *Owens River Canal Co.*, 120 Cal. App. 380, 386 [7 Pac. (2d) 1064]; sec. 313, Civ. Code.) Furthermore, the decree in probate is not open to attack in this collateral proceeding, and the charges of fraud in the acquisition of some of the stock by petitioner F. K. Dedrick are nothing more than suspicions based upon infor-

mation and belief which do not call one to answer in any forum.

When this matter was called for hearing the respondents were denied the right to offer proof of their special defenses for the reasons above stated, and were requested to show cause why the writ should not issue for the purpose outlined in the code section. ■ No showing was made other than that they had resigned after the service of the alternative writ and obviously for the purpose of defeating or delaying the process of the court. The duty of the respondents under the section is clear. It reads in part: "Upon request in writing . . . to the president, vice president, or secretary . . . by any persons entitled to call a meeting of shareholders, it shall be the duty of such officer forthwith to cause notice to be given . . . that a meeting will be held . . . not less than ten nor more than sixty days after the receipt of such request." This section is mandatory, and can be enforced by *mandamus* if the officers refuse to call a meeting within the time specified. (*Pennington* v. *George W. Pennington Sons,* 170 Cal. 114, 115 [148 Pac. 790]; *Humboldt Oil Co.* v. *Hoagland,* 70 Cal. App. 454 [223 Pac. 404]; *Los Angeles* v. *Owens River Canal Co.,* 120 Cal. App. 380, 386 [7 Pac. (2d) 1064]; *Stabler* v. *El Dora Oil Co.,* 27 Cal. App. 516, 519 et seq. [150 Pac. 643].)

■ This brings us to the question of the proceedings leading to the enforcement of the rights of the petitioners and the responsibilities of the respondents. After having refused to comply with the request of the petitioners to call a meeting and forcing the petitioners to institute this proceeding, the respondents, following the service upon them of the alternative writ of mandate and order to show cause, tendered their resignations and procured other persons, residents of the state of Nevada and hence beyond the jurisdiction of this court, to be appointed in their stead. This action, designed to interfere with and to delay and impede the process and proceedings of the court, is ineffectual because the respondents are still subject to the jurisdiction of the court, and, since they are still stockholders of the corporation, the notice may be given by them in accordance with the provisions of section 314 of the Civil Code which provides that, in the case of a refusal

or neglect to give the notice by the proper officer, such· notice may be given "by any director or shareholder". A proceeding in *mandamus* is to some extent a proceeding in equity, and the authorities have uniformly held that a court of equity will always find the means of enforcing its decrees against a delinquent defendant. (10 Cal. Jur., p. 559; 15 Cor. Jur., p. 822; 21 Cor. Jur., p. 134; *Rolapp* v. *Federal Building Assn.*, 11 Cal. App. (2d) 337 [53 Pac. (2d) 974].) In *Potomac Oil Co.* v. *Dye*, 14 Cal. App. 674 [113 Pac. 126], where a similar situation arose, the District Court of Appeal approved the action of an Arizona court in appointing a commissioner to call and conduct a meeting of shareholders where the officers of the corporation refused to do so. When the newly elected officers brought proceedings in the California court, the process was served upon the former secretary. Our court then held that his resignation and dispossession of the books and papers of the corporation could not deprive the court of its control over the respondent named in the alternative writ. The soundness of this ruling, though briefly stated is not open to question.

It will therefore be ordered that when the peremptory writ issues, it will designate the respondents named herein as commissioners for the purpose of calling a meeting of the shareholders within not less than ten or more than sixty days after the writ becomes final, and to give notice of such meeting as president and secretary, respectively, as shareholders of said corporation and as commissioners of this court for the time and in the manner prescribed by law.

Let a peremptory writ issue in accordance herewith.

Sturtevant, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 26, 1936.