[Civ. No. 20383.   First Dist., Div. Three.   Mar. 13, 1963.]

MARCOS GONZALES, Plaintiff and Respondent, v. INTER-
NATIONAL ASSOCIATION OF MACHINISTS et al.,
Defendants and Appellants.

818

Johnson, Thorne, Speed & Bamford and Harry Bamford for Defendants and Appellants.

McMurray, Walker & Tepper and Lloyd E. McMurray for Plaintiff and Respondent.

SALSMAN, J.—This is an appeal from a judgment based upon a jury verdict awarding respondent $18,000 damages for failure of appellants to restore respondent to union membership, and for mental pain, suffering, and humiliation, and from an order denying appellants' motion for judgment notwithstanding the verdict.

The litigation between the parties has a considerable history. The relevant facts are here briefly summarized. In the trial court, Gonzales was petitioner for the writ of mandate, and appellant unions were respondents there; on this appeal the unions are appellants and are hereafter referred to as such, and Gonzales is hereafter designated as respondent.

Respondent is a marine machinist and has worked at the trade since 1921. He is a member of appellant unions. In 1948 respondent began to have trouble with some of the union officials, and in November 1952 he was expelled from membership in the unions. In December 1952 respondent sought a writ of mandate, asking for restoration of his union membership, together with damages for his expulsion. After trial, the court issued a peremptory writ of mandate, directing appellants to restore respondent to his rights and privileges as a member of the union, awarding damages in the sum of $6,800 for loss of wages, and $2,500 damages for physical and mental pain, suffering and humiliation because of appellants' conduct. In its judgment the trial court reserved jurisdiction to award additional damages and to make further orders until such time as the judgment and peremptory writ was fully obeyed by appellants. In September 1954 appellants took an appeal to the District Court of Appeal. On June 1, 1956 the appellants complied with that portion of the peremptory writ directing that respondent be restored to union membership. On June 12, 1956 the District Court of Appeal affirmed the judgment of the trial court (*Gonzales* v. *International Assn. of Machinists,* 142 Cal.App.

2d 207 [298 P.2d 92]). Our Supreme Court denied a hearing. Certiorari was granted by the United States Supreme Court, and on May 26, 1958 judgment was affirmed. (*International Assn. of Machinists* v. *Gonzales*, 356 U.S. 617 [78 S.Ct. 923, 2 L.Ed.2d 1018].) Thereafter, in March 1959 respondent moved for additional damages pursuant to the reservation of jurisdiction made by the trial court when the peremptory writ was granted. The period for which additional damages was demanded is the time between the date of the court's order requiring appellants to restore respondent to union membership and the date upon which respondent was readmitted to the union, namely, between September 1954 and June 1956. Appellants demanded a jury trial which resulted in the $18,000 judgment which gives rise to this appeal.

The appellants object that the trial court had no power to reserve jurisdiction to make any further award of damages because upon the issuance of the peremptory writ the court exhausted its authority. If correct, this would terminate this second phase of the litigation between the parties in appellants' favor. But the contention is not correct. ▮▮ While an application for a writ of mandamus is a special proceeding (*Jones* v. *Board of Police Commissioners*, 141 Cal. 96 [74 P. 696]) it is also to some extent a proceeding in equity. (*Dedrick* v. *California Whaling Co.*, 16 Cal.App.2d 284, 288 [60 P.2d 551].) ▮ It has been described as an equitable interference supplementing the deficiencies of the common law (*Wallace* v. *Board of Education*, 63 Cal.App.2d 611 [147 P.2d 8]), and the authorities have uniformly held that a court of equity will always find the means of enforcing its decrees against a delinquent defendant (*Dedrick* v. *California Whaling Co.*, *supra*, 16 Cal.App.2d 284 [60 P.2d 551], and cases cited). ▮ Here the court issued its peremptory writ ordering respondent restored to membership in the union and granting to him such money damages as he had suffered up to the time the writ was issued. It is apparent that the trial court anticipated there would be delay in compliance with its order, and that respondent might suffer further damage and injury before restoration to him of union privileges. Thus the purpose of the court's order retaining a continuing jurisdiction over the case was to do full and final justice between the parties, without the necessity of filing a new action. Where, as here, complete relief cannot be given because of the status of the proceedings, the court may cause the case to be continued and such orders made as the case may require.

(See 55 C.J.S., Mandamus, § 356, p. 623.) Here the trial court very properly reserved its jurisdiction, and appellants are in no position to object that the trial court did not have authority to do final justice in the case.

Since we have determined that the trial court had authority to retain jurisdiction of the dispute between the parties, there is no merit in appellants' contention that respondent's claims are barred by the statute of limitations. The decision in *International Assn. of Machinists* v. *Gonzales, supra,* 356 U.S. 617, was announced May 26, 1958, and respondent made his motion in the trial court for additional damages less than one year later; hence none of the statutes of limitation which appellants urge upon us can have any application.

Appellants make two claims which require only brief notice. First, they assert that the jury was improperly permitted to consider humiliation and mental suffering as an element of damage, and second that the trial court did not have jurisdiction to hear respondent's claim for damages because of federal preemption. Each of these contentions was a dominant issue in the prior proceeding before the United States Supreme Court, and that court relied upon the fact that the California court, under California law, could make an award of damages for physical pain and suffering because of appellants' conduct. At pages 620-621 of *International Assn. of Machinists* v. *Gonzales, supra,* 356 U.S. 617, the court said: "Although petitioners do not claim that the state court lacked jurisdiction to order respondent's reinstatement, they do contend that it was without power to fill out this remedy by an award of damages for loss of wages and suffering resulting from the breach of contract. No radiation of the Taft-Hartley Act requires us thus to mutilate the comprehensive relief of equity and reach such an incongruous adjustment of federal-state relations touching the regulation of labor. The National Labor Relations Board could not have given respondent the relief that California gave him according to its local law of contracts and damages. Although, if the unions' conduct constituted an unfair labor practice, the Board might possibly have been empowered to award back pay, in no event could it mulct in damages for mental or physical suffering. And the possibility of partial relief from the Board does not, in such a case as is here presented, deprive a party of available state remedies for all damages suffered. See *International Union, United Automobile Workers* v. *Russell, post,* p. 634 [78 S.Ct. 932, 2 L.Ed.2d 1030]." Thus

both contentions here made disappear under the rule of law of the case and are not open to further dispute.

Appellants' principal attack upon the judgment is on the ground that respondent failed to seek other employment and thus mitigate his damages. The evidence on this part of the case was to the effect that almost all members of the union obtained their jobs by registration at the hiring hall and were dispatched from there as jobs became available. If a job was obtained independently, union clearance was required. There was testimony that during the period here involved, jobs were available at the "uptown" shops, that is, away from the waterfront; there were also jobs at Bethlehem Steel, although these were not subject to the jurisdiction of appellants; and jobs were available at the San Francisco Naval Shipyard at Hunter's Point, under civil service. Respondent's testimony was that he had been a marine machinist for most of his working life; that he was entitled to be dispatched as such by the union; that work in the "uptown" shops was inferior to marine work, both as to pay and kind and variety of work; that work at other places named by the appellants did not offer him the protection of his union; that he tried to register at the union hall, and registration was denied, and that he was told he could not be dispatched while expelled; that he did not seek work in the "uptown" shops because union clearance would have been required had he been hired "off the street," and the union would not clear him. Respondent did testify that he worked on some timber land which he owned and made $3,000, and made an additional $600 repairing a tractor.

■ It is the general rule that one who is wrongfully discharged from his position is bound to seek other employment and thus mitigate his damages. (*Smetherham* v. *Laundry Workers' Union,* 44 Cal.App.2d 131, 139 [111 P.2d 948] ; 14 Cal.Jur.2d 742; 15 Am.Jur. 428; *Harris* v. *National Union etc. Cooks & Stewards,* 116 Cal.App.2d 759 [254 P.2d 673] ; 141 A.L.R. 657.) Nevertheless, it is also the rule that one wrongfully discharged from his employment is not required to accept other employment of a different or inferior kind in order to mitigate damages. (15 Am. Jur. 431; *Harris* v. *National Union etc. Cooks & Stewards, supra,* at p. 761; *Smetherham* v. *Laundry Workers' Union, supra,* at p. 139.) ■ It is the latter rule which is applicable here, because the evidence was that available jobs were either inferior in pay, or the work was of a different character, or they did not have the protective cloak of respondent's union. Under the authorities

cited, and the facts here present, respondent was not required to accept such employment, and appellants cannot complain that he did not do so. Finally, and conclusive of the issue here, the question of whether or not respondent did what was reasonable and necessary to mitigate damages is a question of fact, to be determined by the jury from all the evidence in the case, and there is ample evidence in the record before us from which the jury could have concluded within the rule here cited that respondent did everything he was required to do to lessen damages.

Appellants next assert a claimed error in an instruction. The court told the jury that in seeking employment respondent was required to make "such efforts as the average Journeyman Machinists member of International Association of Machinists Lodge 68 desiring employment, would make at that particular time and place." Appellants' argument is that since union members got their jobs by registration and dispatch from the hiring hall, or clearance for a job otherwise obtained, and since none of these facilities were available to respondent, the jury was in effect told that respondent did not have to exercise reasonable care and diligence in finding work outside the union hall for the purpose of mitigating damages. The trial court's instruction was correct. Respondent was a union man, entitled to the benefits and protection of his union. These were wrongfully denied him by appellants. He was not required to seek or accept any inferior work which was not of equal dignity to that which he could have obtained through his union. Here the jury found, on substantial evidence, that when respondent attempted to register and be dispatched through his union he did all that could be required of him under the circumstances, and appellants cannot now complain that their own conduct prevented him from finding employment. Moreover, respondent did in fact seek to mitigate damages. He earned some $3,600 in the two-year period of his dispute with appellants, and we must presume the jury took this into account in rendering its verdict and computing damages.

During the trial appellants sought to show the availability to respondent of other employment such as that of millwright, operating engineer, electrician, and jobs in fish canneries, at the same or higher rate of pay than respondent usually received, but all outside the jurisdiction of the union. The court properly rejected this offer of proof.

As we have previously said, and as the jury found, when respondent attempted to register with the union and

sought to use its aid and facilities in obtaining a job he did all that the appellants could require of him. It cannot be held here that respondent was required to accept different employment than that to which he was accustomed, as the offer of proof suggests, nor could respondent here be required to accept any nonunion job or be compelled to seek admission to another union for the purpose of employment. Respondent was entitled to the benefits and protection of his own union, and appellants cannot complain where their own wrongful conduct was the cause of respondent's loss.

Judgment and order affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied April 2, 1963, and appellants' petition for a hearing by the Supreme Court was denied May 8, 1963.