Filed 4/28/22  Hample v. Civil Service Com. of Santa Barbara County CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| ROBERT HAMPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>CIVIL SERVICE COMMISSION OF SANTA BARBARA COUNTY,<br><br>  Defendant;<br><br>SANTA BARBARA COUNTY PROBATION DEPARTMENT,<br><br>  Real Party in Interest and Appellant. | 2d Civ. No. B313252<br>(Super. Ct. No. 16CV02220)<br>(Santa Barbara County) |

The Santa Barbara County Probation Department (Department) appeals postjudgment orders of the superior court following the court's issuance of a writ of administrative mandamus.  That writ set aside a Civil Service Commission of

Santa Barbara County (Commission) decision that upheld the termination of Robert Hample's employment at the Department. The Commission filed a return with a new decision that did not reinstate Hample to his position with the Department. Hample filed objections to the return.

We conclude, among other things, that: 1) the trial court had authority to determine whether the Commission's new decision and its return to the writ complied with the mandamus judgment it entered; 2) the court did not abuse its discretion by ordering the Commission to consider whether Hample could be reinstated following his retirement and receipt of retirement benefits; and 3) the court selected a reasonable procedure to obtain answers to its questions so it could determine whether the Commission complied with the writ. We affirm.

FACTS[1]

Hample was a deputy probation officer with 17 years of experience in the Department. He was terminated after he requested to record an inquiry by a supervisor relating to his (Hample's) request for more time to prepare a probation report. He appealed to the Commission following the Department's termination of his employment. The Commission upheld his termination.

Hample filed a petition for writ of administrative mandamus to challenge the Commission's decision.

The trial court found the Commission "abused its discretion in refusing to administer a lesser disciplinary action." It granted the petition and ordered the Commission to "vacate its decision

---

[1] Our prior opinion (*Hample v. Santa Barbara County Probation Dept.* (Apr. 30, 2019, B292782) [nonpub. opn.]) sets forth the relevant facts, which are incorporated here.

2

and consider a lesser disciplinary action." The Department appealed. We affirmed and ruled, "The Department has not shown why the court could not reasonably find that employment termination was not appropriate." (*Hample v. Santa Barbara County Probation Dept.*, *supra*, B292782.)

On February 8, 2021, the trial court discharged its peremptory writ of mandate after the Commission filed a return with a new administrative decision and no objections were filed to that return.

In March 2021, Hample's counsel filed a motion to set aside the discharge order claiming Hample's failure to file timely objections to it was due to excusable neglect of his counsel. (Code Civ. Proc. § 473, subd. (b).) His counsel declared that he had been out of the country and had an illness that prevented him from timely filing the objections.

In addition to the motion to vacate, Hample filed objections to the return. He claimed that in response to the writ, the Commission vacated its prior decision and filed a new administrative decision that imposed a period of suspension without pay. He claimed the Commission's new decision constituted a "refusal to reverse [Hample's] termination" and that it violated the trial court's writ. (Boldface and capitalization omitted.)

The Department filed a response claiming the Commission complied with the writ by vacating its prior decision and issuing a new decision that imposed a 45-day suspension without pay. The Department claimed the Commission was not required to reinstate Hample to his former position.

On April 27, 2021, the trial court heard Hample's objections to the return. At the beginning of that hearing, the court

3

expressed its concern about the adequacy of the Commission's new decision. The court said, "[I]t appears that the problem of return is that they apparently believe they could not reinstate him, and that's apparently not true." It felt that "without reinstatement" the decision leads to a result which is "effectively a termination."

The Department's counsel responded that "Hample voluntarily entered the retirement system, and at no point since that voluntary retirement indicates that he's willing to cease being a retired employee and return to County service. . . . [T]he Commission was not required to reinstate him."

Hample's counsel disagreed with the Department's claims. He said the Commission "did not ask Mr. Hample whether or not he would be willing to return to work in order to consider a lesser disciplinary action." Had that question been asked, Hample "would have repaid his pension [benefits]" and continued back to work. Hample's counsel claimed the Commission vacated its prior decision, but it violated the trial court's order because Hample "remains terminated."

Given the dispute between the parties, the trial court decided it would not make "findings" at this hearing. Instead, it issued an order remanding the case to "the Civil Service Commission for consideration of whether Mr. Hample can be reinstated in light of his subsequently taking retirement, and if so, whether he should be reinstated."

The trial court selected a procedure to determine whether the Commission complied with the court's writ. It asked the Department's counsel for a convenient date for a hearing to enable it to receive answers from the Commission to its questions about the possibility for reinstatement. The Department's

4

counsel gave the court the date of "July 27." The court set a hearing for July 27, 2021, at 10:30 a.m. Instead of going to the hearing, the Department appealed.

DISCUSSION

*Trial Court's Authority to Determine Compliance with Its Writ*

The Department contends the trial court exceeded its jurisdiction by not discharging the writ because the Commission properly returned the writ by vacating its prior decision and considering lesser discipline. It claims the court lacked the authority to review the merits of the new decision in a return of writ proceeding. We disagree.

The writ of mandate required the Commission to set aside its decision that upheld the termination of Hample's employment. The Commission filed a new decision, but it did not reinstate him. Hample filed objections and claimed the new decision violated the mandamus writ.

The trial court had the authority to review the new decision to determine whether it complied with the writ. After a court issues a peremptory writ of mandate, the court "retains jurisdiction to determine the adequacy of the return and ensure full compliance with the writ." (*Ballona Wetlands Land Trust v. City of Los Angeles* (2011) 201 Cal.App.4th 455, 479.) It retains "jurisdiction to make *any orders necessary* for complete enforcement of the writ." (*Los Angeles Internat. Charter School v. Los Angeles Unified School Dist.* (2012) 209 Cal.App.4th 1348, 1355, italics added.) If the court is dissatisfied with the return, it "may order the respondent to reconsider." (*Ibid.*) It may seek clarification "on its own motion" where it receives a return containing an unexpected result. (*City of Carmel-By-The-Sea v. Board of Supervisors* (1982) 137 Cal.App.3d 964, 971.)

5

The Department claims the trial court lacked jurisdiction to schedule hearings on objections to the return. But Hample had filed objections, the court had the duty to decide them, and it had "*continuing jurisdiction.*" (*Professional Engineers in Cal. Government v. State Personnel Bd.* (1980) 114 Cal.App.3d 101, 112, italics added.) "A peremptory writ of mandate does not necessarily exhaust the court's authority; where it does not provide complete relief, the court may continue the lawsuit and *make such interim orders as the case may require.*" (*County of Inyo v. City of Los Angeles* (1978) 78 Cal.App.3d 82, 85, italics added.) It may retain continuing jurisdiction "to do full and final justice between the parties." (*Gonzales v. International Assn. of Machinists* (1963) 213 Cal.App.2d 817, 820.) A writ of mandate should not be discharged unless the party who made the return has fully complied with it. (*POET, LLC v. State Air Resources Bd.* (2017) 12 Cal.App.5th 52, 85, 86.)

Citing *Ocheltree v. Gourley* (2002) 102 Cal.App.4th 1013, the Department contends the trial court could not review the Commission's new decision because it did not have the administrative record of that proceeding before it.

In *Ocheltree*, the trial court erred by prematurely dismissing an administrative mandamus writ petition without obtaining and reviewing the administrative record. Here, by contrast, this was a return to a fully litigated *final* writ of mandate that resulted in a judgment. The trial court reviewed the administrative record, made its own findings, and ordered the Commission to set aside Hample's termination. (*Levingston* v. *Retirement Board* (1995) 38 Cal.App.4th 996, 1000.) In its new decision, the Commission said it was relying on "the administrative record from the prior proceedings" and "neither

6

party presented any new evidence." The court had already reviewed that administrative record in rendering its mandamus judgment, and it had authority to review the Commission's new decision to decide its compliance with the writ.

*Abuse of Discretion*

The Department contends the trial court erred by requiring the Commission to consider two issues relating to the possibility of Hample's reinstatement to his position. We disagree.

It is the appellant's burden to show error. " ' "Error is never presumed." ' " (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532.)[2] " '[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*Nissan Motor Acceptance Cases* (2021) 63 Cal.App.5th 798, 811.)

The trial court requested the Commission to consider "whether Hample can be reinstated in light of his subsequently taking retirement, and if so, whether he should be reinstated." **(CT p. 53)** The court reasonably exercised its authority to seek clarification on the reinstatement issue and schedule a hearing on that issue before ruling on whether the Commission had complied with its writ. (*County of Inyo v. City of Los Angeles*, *supra*, 78 Cal.App.3d at p. 85; *Gonzales v. International Assn. of Machinists*, *supra*, 213 Cal.App.2d at p. 820.)

At the hearing on the return to the writ, the trial court indicated that after it issued the writ, it expected Hample would be reinstated to his prior position. It had *questions* as to whether the Commission had followed its order to set aside Hample's termination because it did not reinstate him. It stated the failure to reinstate Hample could "effectively" be tantamount to "a

_____

[2] We grant the Department's motion to augment the record.

7

termination." It asked questions to help it decide whether the Commission's decision complied with its judgment, and it had the authority to do so. (*Ballona Wetlands Land Trust v. City of Los Angeles*, *supra*, 201 Cal.App.4th at p. 479; *County of Inyo v. City of Los Angeles*, *supra*, 78 Cal.App.3d at p. 85.)

Moreover, there is no final decision for appellate review on the reinstatement issue. (*In re Marriage of Grimes & Mou* (2020) 45 Cal.App.5th 406, 419 [a ruling on a preliminary issue before the court rules on the merits of the issue is not a final order for review].) The trial court ruled that it *was not making any* "findings" at this early stage of the proceedings. It was only trying to obtain information so that it could *subsequently* rule on the merits of the writ compliance issue. These were proper "interim orders" on a writ return proceeding issued merely to assist the court before rendering a decision. (*County of Inyo v. City of Los Angeles*, *supra*, 78 Cal.App.3d at p. 85.)

An appellant may not seek reversal where it prematurely terminated the pending trial court proceedings prior to the lower court having the opportunity to decide the relevant issues. (*Phillips v. Phillips* (1953) 41 Cal.2d 869, 874 [a party's premature appeal should not result in divesting "the trial court of authority to take further proceedings"]; *Westfall v. Swoap* (1976) 58 Cal.App.3d 109, 118; *Verdier v. Verdier* (1962) 203 Cal.App.2d 724, 736 [merits of issues on appeal cannot be decided where those issues are still pending in the trial court and it has not yet decided them].) Nor may the appellate court speculate on what the trial court *might* have decided if it had a chance to render its decision. Instead, the scope of appellate review should not extend to issues the lower court was prevented from reaching because the trial court must have the initial opportunity to decide them.

(*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1138; *JRS Products, Inc. v. Matsushita Electric Corp. of America* (2004) 115 Cal.App.4th 168, 178; *Verdier v. Verdier*, *supra*, 203 Cal.App.2d at p. 736.)

Moreover, the Department's quick appeal prevents the Commission from providing its response to the trial court's questions. The Commission is an independent entity from the Department. (*Civil Service Com. v. Superior Court* (1984) 163 Cal.App.3d 70, 77.) The writ and the court's questions were directed to the Commission, not the Department. The Department does not want to reinstate Hample. But at this stage, reinstatement is not decided by the Department; it is decided by the court and the Commission's response to the court's questions. The Department may not speak for the Commission or control its actions. (*Ibid.*) But in this appeal, the Department essentially attempts to decide what the Commission should do in response to the court's questions even though the Commission is not a party to this appeal and did not have the opportunity to provide its response in the trial court.

After reviewing all the Department's contentions, we conclude it has not shown grounds for reversal.

DISPOSITION

The orders are affirmed. Costs on appeal are awarded to respondent.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.          TANGEMAN, J.

Pauline Maxwell, Judge

Superior Court County of Santa Barbara

_____

Rachel Van Mullem, County Counsel, and Christopher E. Dawood, Deputy Counsel, for Real Party in Interest and Appellant.

Law Offices of Stephan Math and Stephan Math for Plaintiff and Respondent.